## 30391. BARONE v. ADCOX.

HALL, Justice.

Mrs. Barone and her minor son sued Adcox in equity under a claimed buy-sell agreement between Barone, now deceased, and his former partner Adcox. Under the

alleged terms of this agreement, the company (the stock of which was owned 50-50 by Barone and Adcox) paid premiums on life insurance policies on the two men who had agreed that in the event of the death of either the survivor, to whom the policy was payable, would buy the deceased's interest in the company from the widow. The complaint further asserted that Mrs. Barone and her son had been assigned the stock as part of the year's support awarded them under Code Ann. § 113-1002 et seq.; that the proceeds of the policy on Barone's life had been paid to Adcox; but that Adcox refused to purchase the Barone stock with the proceeds as the agreement required. It is the Barones' position that they are entitled to bring this action under the following portion of Code Ann. § 3-108: "The beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on said contract."

Adcox answered the suit denying the existence of the buy-sell contract and asserting that the insurance policies were bought to benefit the surviving partner. He moved to dismiss the complaint for failure to state a claim, presumably upon the theory that this action could be maintained only by an administrator or executor of Barone's estate, and not by his widow and child. The trial court granted the motion, and the Barones bring this appeal.

We note initially that because the Barones presented and the court considered matters outside the pleadings, the motion should have been treated as one for summary judgment under Code Ann. § 81A-156. Code Ann. § 81A-112 (b).

Under Code Ann. § 113-1006 the title to this stock has vested in the Barones and the same is not subject to any administration. Thus, the Barones are the real parties in interest and under Code Ann. § 81A-117 are proper parties to pursue this claim.

We cannot tell whether the claim has any ultimate merit, because there is nothing in the record showing the existence or the terms of such a buy-sell contract except the assertions of the parties. Mrs. Barone has supported her claim by affidavit; Adcox has filed only his answer and motion to dismiss. The contract itself has not yet been

the focus of this litigation, the trial court having apparently dismissed the claim on procedural grounds. However, under the terms of the contract they have *alleged* to exist, the Barones are entitled by Code Ann. § 3-108 to press a claim, and Adcox has failed to negative this claim. On his motion to dismiss (or for summary judgment) the Barones are entitled to have their complaint construed in the light most favorable to them; and the motion should not be granted if any state of facts could be proved in support of the claim to entitle them to recover. *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) (1974). Therefore, we cannot accept Adcox's argument here that the Barones have no cause of action because they were not intended beneficiaries or, if intended, were not the right kind of beneficiaries to bring suit: we will not know whether they were or not until the Barones have had a chance to substantiate their claim of the contract's terms.

The trial court erred in granting the motion.

*Judgment reversed. All the Justices concur.*

SUBMITTED OCTOBER 3, 1975 — DECIDED OCTOBER 28, 1975 —
REHEARING DENIED NOVEMBER 24, 1975.

*Archer & Barnes, James H. Archer, Jr.,* for appellant.

*Cunningham & Clarke, Raymond A. Cunningham,* for appellee.