A06A0343. HARDEN v. CLARKE COUNTY BOARD OF
EDUCATION et al.
(631 SE2d 741)

SMITH, Presiding Judge.

Henry James Harden brought this action seeking additional compensation in connection with his former employment at Cedar Shoals High School in Clarke County. The trial court granted summary judgment to the defendants on all Harden's claims, but Harden appeals only that portion of the trial court's order granting summary judgment on his quantum meruit claims. Because quantum meruit cannot lie against a county or its subdivisions, we affirm the judgment of the trial court.

Harden initially filed a pro se complaint against Charles Worthy, the principal of Cedar Shoals High School, Lewis Holloway, the superintendent of the Clarke County School System, the Clarke County Board of Education, and the Clarke County School System, claiming that he was not paid for additional duties assigned to him and seeking damages for breach of contract and punitive damages. The defendants answered and moved for summary judgment. Harden responded to the motion and filed an amended complaint, in which for the first time he sought a recovery in quantum meruit and bad faith penalties and attorney fees under OCGA § 13-6-11. The trial court granted summary judgment in favor of all defendants on all Harden's claims. In his sole enumeration of error, Harden appeals only the trial court's grant of summary judgment on his quantum meruit claims.

1. The trial court correctly granted summary judgment in favor of the Clarke County Board of Education and the Clarke County School System.

OCGA § 36-10-1 provides that all contracts entered into by the county governing authority with other persons in behalf of the county shall be in writing and entered on its minutes. To be enforceable, therefore, a contract with a county or subdivision of a county must comply with those requirements. As a result, quantum meruit is not available when a county is the defendant. As the Georgia Supreme Court [has] noted, . . . quantum meruit is another name for an implied

contract, which is statutorily prohibited when a county or its subdivision is the defendant.

(Citations and punctuation omitted.) *Brown v. Penland Constr. Co.*, 276 Ga. App. 522, 524 (1) (623 SE2d 717) (2005). Sovereign immunity bars Harden's claim in quantum meruit against a political subdivision of the state, "including counties, county boards of education and county school districts." *Coffee County School Dist. v. Snipes*, 216 Ga. App. 293, 295 (454 SE2d 149) (1995).

2. The claims against the principal and the school superintendent in their official capacities are essentially claims against Clarke County, and these defendants "may raise any defense available to the county." (Citations omitted.) *Gilbert v. Richardson*, 264 Ga. 744, 746 (2), n. 4 (452 SE2d 476) (1994). A claim in quantum meruit is therefore statutorily prohibited against Worthy and Holloway in their official capacities as well.

3. Harden now contends that he has also sued Worthy and Holloway in their individual capacities, although neither of his complaints contains an express allegation to this effect. We conclude that such a claim, even had it been properly asserted by Harden, is precluded by official immunity. "The doctrine of official immunity, developed primarily in Georgia through case law, provides that while a public officer or employee may be personally liable for his negligent ministerial acts, he may not be held liable for his discretionary acts unless such acts are wilful, wanton, or outside the scope of his authority. [Cits.]" *Gilbert*, supra at 752 (6). The Georgia Constitution permits potential liability for state officers' or employees' official functions only if they "act with actual malice or with actual intent to cause injury." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d). Harden has made no such allegations of negligence, malice, or intent with respect to his claims for quantum meruit, which appear only in his amended complaint.

Moreover, Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d) further provides that, other than this limited liability, "officers and employees of the state or its departments and agencies shall not be subject to suit or liability, and no judgment shall be entered against them, for the performance or nonperformance of their official functions." The alleged conduct of Worthy and Holloway is entirely related to the performance of their official functions, unlike the conduct of the baseball coach in *Penland*, supra, who was receiving personal compensation from extracurricular baseball camps held at the facility at issue. 276 Ga. App. at 526 (3). Any quantum meruit action against them individually is therefore barred.

4. Because we have determined that the trial court correctly granted summary judgment on Harden's quantum meruit claims,

"[i]t follows that no claims remain against [defendants] as to which either attorney fees and expenses or punitive damages may be awarded. [Cit.]" *R. W. Holdco, Inc. v. Johnson*, 267 Ga. App. 859, 870 (6) (601 SE2d 177) (2004).

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED MAY 23, 2006.

*Crain & Davis, Michael O. Crain, Kesler T. Roberts*, for appellant.
*Hall, Booth, Smith & Slover, Malcolm C. McArthur*, for appellees.