## A06A1642. HICKS et al. v. MCGEE.
(642 SE2d 379)

SMITH, Presiding Judge.

Calvin McGee sued Juanita Hicks, the Clerk of the Fulton County Superior Court, and Geneva Blanton, the Deputy Clerk of Fulton County Superior Court, for negligently breaching their duty to notify the Department of Corrections of his sentence, resulting in McGee serving an additional 22 months in prison after his sentence had expired.[1] The defendants filed a motion to dismiss the complaint based upon the expiration of the statute of limitation and their claim that they were entitled to official and sovereign immunity. The trial court denied the motion to dismiss in an order finding that: (1) the statute of limitation did not bar McGee's claim; (2) the defendants were entitled to sovereign immunity to the extent that McGee sued them in their official capacities; and (3) the defendants were not entitled to official immunity for their failure to perform a ministerial act.

This court granted the defendants' application for interlocutory review. On appeal, the defendants assert that the trial court erred because McGee's claim is time-barred and because they are entitled to official and sovereign immunity. For the reasons set forth below, we find that the trial court should have denied the motion to dismiss in part, rather than in its entirety, and therefore affirm in part and reverse in part. On remand, we direct the trial court to grant the defendants' motion to dismiss to the extent that McGee's complaint asserts a cause of action against the defendants in their official capacity. The trial court should deny the defendants' motion to dismiss McGee's claims against them in their individual capacities because those claims are not barred by the doctrine of official immunity or the statute of limitation.

1. The defendants assert that McGee's claim is barred by the two-year statute of limitation for personal injury claims. OCGA § 9-3-33. McGee alleges in his complaint that his prison sentence was scheduled to end on May 27, 2001 pursuant to a court order stamped and filed in the Fulton County Superior Court Clerk's office on July 20, 2000. OCGA § 42-5-50 (a) requires the clerk of the court to "notify the commissioner of a sentence within 30 working days following the receipt of the sentence and send other documents set forth in this Code section." See also *Helmeci v. State*, 230 Ga. App. 866, 871 (5) (498 SE2d 326) (1998) (requirements of OCGA § 42-5-50 are mandatory). Thus, the defendants first breached their duty 30 working days after July 20, 2000. According to the defendants, however, the statute of

---

[1] The complaint does not assert a claim for the intentional tort of false imprisonment.

limitation did not begin to run until McGee was injured by this breach on May 27, 2001, when his release from prison was first delayed. As he did not file suit until October 1, 2003, the defendants assert that his claims are time-barred.

We disagree, because the continuing tort doctrine applies to the facts before us.

> Georgia recognizes the theory of continuing tort, which applies where any negligent or tortious act is of a continuing nature and produces injury in varying degrees over a period of time. Under this theory, the statute of limitation does not begin to run until such time as the continued tortious act producing injury is eliminated.

(Citations and punctuation omitted.) *Mears v. Gulfstream Aerospace Corp.*, 225 Ga. App. 636, 640 (2) (a) (484 SE2d 659) (1997); see also *Ambling Mgmt. Co. v. Purdy*, 283 Ga. App. 21, 24 (1) (640 SE2d 620) (2006). In this case, the defendants' violation of their continuing duty to communicate McGee's sentence to the Department of Corrections resulted in continuous injury to McGee in the form of an ever-increasing illegal confinement that was not eliminated until McGee was released from prison on March 5, 2003. Because there is no evidence in the record showing that the defendants fulfilled their duty more than two years before McGee filed suit and McGee filed suit six months after his release from prison, the trial court did not err in denying the defendants' motion to dismiss based on the statute of limitation. See *Ambling Mgmt. Co.*, supra (statute of limitation for continuing tort did not begin to run until exposure was eliminated).

2. The defendants claim that the trial court should have granted their motion to dismiss because they are entitled to official immunity.

> The doctrine of official immunity, developed primarily in Georgia through case law, provides that while a public officer or employee may be personally liable for his negligent ministerial acts, he may not be held liable for his discretionary acts unless such acts are wilful, wanton, or outside the scope of his authority.

(Citation and punctuation omitted.) *Harden v. Clarke County Bd. of Ed.*, 279 Ga. App. 513, 514 (3) (631 SE2d 741) (2006).

> A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails

examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.

(Citation and punctuation omitted.) *Joyce v. Van Arsdale*, 196 Ga. App. 95, 96 (395 SE2d 275) (1990).

(a) Hicks claims that she should be dismissed from the suit because she was sued for her negligent failure to supervise, and supervision is a discretionary act. See, e.g., *Carter v. Glenn*, 249 Ga. App. 414, 417 (2) (548 SE2d 110) (2001) (operation of police department, including degree of supervision over officers, is a discretionary act). We disagree. McGee's complaint does not allege negligent supervision; instead, it asserts that Hicks breached her statutory duty to forward his sentence to the Department of Corrections. As a result, Hicks's argument is without merit.

(b) The defendants claim that they are entitled to official immunity as a matter of law because McGee failed to specifically allege that they negligently performed a ministerial act as opposed to a discretionary act. We disagree. We must construe the complaint in the light most favorable to the plaintiff when determining whether it is subject to dismissal. *Barone v. Adcox*, 235 Ga. 588, 590 (221 SE2d 6) (1975). And, since the enactment of the Civil Practice Act, it is no longer "necessary that the complaint be perfect in form or set out all of the issues with particularity, it is necessary only to place the defendant on notice of the claim against him." (Citation and punctuation omitted.) *Lee v. Gore*, 221 Ga. App. 632, 634 (1) (472 SE2d 164) (1996).

When we look at the factual allegations in the complaint, it is clear that McGee is asserting that the defendants failed to perform the ministerial act of communicating his sentence to the Department of Corrections. As a result, the trial court properly concluded that the defendants were not entitled to official immunity and did not err by denying this portion of their motion to dismiss.

3. In their remaining enumeration of error, the defendants assert that it is unclear from the trial court's order whether it dismissed any official capacity claims against them based on sovereign immunity.[2] The trial court's order stated: "[T]he Court finds that the Defendants are being sued in their official capacities and in their individual capacities. Although the doctrine of sovereign immunity protects those parties sued in their official capacities, it is inapplicable for government officials and employees sued in their individual capacities." After finding that the defendants were not entitled to official

---

[2] We reject the defendants' claim that we should construe the complaint as asserting only official capacity claims. See *Coffey v. Brooks County*, 231 Ga. App. 886, 892 (2) (d) (500 SE2d 341) (1998), rev'd on other grounds, *Rowe v. Coffey*, 270 Ga. 715 (515 SE2d 375) (1999).

immunity for the claim against them in their individual capacities, the trial court denied the defendants' motion to dismiss in its entirety.

We agree with the trial court's conclusion that the defendants are entitled to sovereign immunity to the extent that they were sued in their official capacities. See generally *Stone v. Taylor*, 233 Ga. App. 886, 887 (1) (506 SE2d 161) (1998). Based on this conclusion, the trial court erred by failing to grant this portion of the defendants' motion to dismiss. For this reason, we reverse, remand this case to the trial court, and direct it to grant the defendants' motion to dismiss McGee's official capacity claims. We affirm the remaining portion of the trial court's order denying the motion to dismiss based on the statute of limitation and official immunity.

*Judgment affirmed in part, reversed in part and case remanded with direction. Ruffin and Phipps, JJ., concur.*

DECIDED FEBRUARY 22, 2007 — 

*Willie J. Lovett, Jr., S. Carlton Rouse, Paula A. Morgan,* for appellants.

*Goldberg & Cuvillier, Ralph S. Goldberg,* for appellee.