S10G1220. HICKS et al. v. McGEE.
(713 SE2d 841)

HUNSTEIN, Chief Justice.

We granted certiorari to consider whether the Court of Appeals correctly found that appellants Juanita Hicks and Geneva Blanton, in their respective individual capacities as Clerk of the Superior Court of Fulton County and an employee in that office, were not entitled to official immunity for their actions in regard to OCGA § 42-5-50 (a) (requiring the clerk of the court to notify the commissioner of the Department of Corrections of a sentence within 30 working days following the receipt of the sentence), as to the suit brought against them by appellee Calvin McGee, a prisoner who was incarcerated 22 months past his release date due to appellants' failure to comply with the statute. See *McGee v. Hicks,* 303 Ga. App. 130 (693 SE2d 130) (2010) (*"Hicks II"*).[1] For the reasons that follow, we affirm the holding of the Court of Appeals that appellants were not entitled to official immunity although we disapprove that court's holding to the extent that it was based upon the law of the case doctrine.

The record reveals that the trial judge in the criminal case of "State of Georgia v. Calvin McGee" signed a one-page document entitled "amended order" that changed McGee's sentence to provide

---

[1] McGee's claims against appellants in their official capacities were earlier dismissed on the basis of sovereign immunity. See *Hicks v. McGee,* 283 Ga. App. 678 (3) (642 SE2d 379) (2007).

for a May 27, 2001 maximum release date, rather than the June 27, 2003 maximum release date to which he had previously been sentenced. By its plain language this order modified McGee's criminal sentence by reducing the maximum amount of time he was required to be incarcerated.[2] On July 20, 2000, appellant Blanton accepted this order for filing in the Fulton County Superior Court Clerk's Office ("FCSCCO"), signed the order in as "received" and placed it elsewhere for processing. It is uncontroverted that Blanton neither read the order nor had received any training that would have aided her in recognizing the order as a sentencing order.[3] It is also uncontroverted that appellant Hicks did not notify the commissioner of the Department of Corrections ("DOC") of this order following the receipt of the sentence on July 20, 2000 as required by OCGA § 42-5-50 (a). McGee was not released from prison until March 2003, which was 22 months past the release date set by the trial judge in the order.

McGee filed suit against appellants in October 2003, contending that they breached their duty imposed by OCGA § 42-5-50 (a) to notify the DOC of his amended sentence. The Court of Appeals, in *Hicks v. McGee*, 283 Ga. App. 678 (642 SE2d 379) (2007) (*"Hicks I"*), in pertinent part affirmed the trial court's denial of appellants' motion to dismiss McGee's claim against them in their individual capacities. Id. at 680 (2) (b); see Division 2, infra. The trial court thereafter granted appellants' motion for summary judgment on the basis that they were entitled to official immunity as a matter of law because

> the original Order contained no language indicating that the Order was a reduction or modification of a sentence, the Order was not accompanied by a final disposition form and

---

[2] The record reflects that McGee was on first offender probation when his probation was revoked. The trial court then imposed the statutory maximum sentence but unlawfully failed to give him credit for time served on probation. See *Stephens v. State*, 245 Ga. 835, 837 (268 SE2d 330) (1980) ("probation time must be credited to any [subsequent] sentence received, including cases involving first offender probation"); *Couch v. State*, 246 Ga. App. 106 (1) (539 SE2d 609) (2000) (where no credit is given for time served on probation, sentence must be vacated and case remanded for resentencing); *Franklin v. State*, 236 Ga. App. 401 (1) (512 SE2d 304) (1999) (failure to give credit for time served on probation results in a sentence that exceeds the maximum allowed by law). See also OCGA § 42-8-38 (c) ("[a]fter the [revocation] hearing, the court may revoke, modify, or continue the probation. If the probation is revoked, the court may order the execution of the sentence originally imposed or of any portion thereof. In such event, the time that the defendant has served under probation *shall* be considered as time served and *shall be deducted from and considered a part of the time he was originally sentenced to serve*" (emphasis supplied)).

[3] Thus, this is not an instance in which a public official delegated to a properly-trained person the duty to carry out a certain task but that properly-trained person then failed to perform or performed incorrectly the delegated task.

the Order did not direct the Clerk of the court to send notification to the Department of Corrections for a sentencing reduction. Therefore, the clerk of the Court performed her duties as she was trained to do with any type of non-sentencing Order. Neither of the [appellants] breached their ministerial duties.

The Court of Appeals in *Hicks II*, supra, reversed.

1. The Court of Appeals correctly held that the trial court erred when it found that appellants did not breach the ministerial duty imposed upon them by OCGA § 42-5-50 (a).[4]

A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails

---

[4] OCGA § 42-5-50 provides:

    (a) The clerk of the court shall notify the commissioner of a sentence within 30 working days following the receipt of the sentence and send other documents set forth in this Code section. Such notice shall be mailed within such time period by first-class mail and shall be accompanied by two complete and certified sentence packages containing the following documents:

        (1) A certified copy of the sentence;

        (2) A complete history of the convicted person, including a certified copy of the indictment, accusation, or both and such other information as the commissioner may require;

        (3) An affidavit of the custodian of such person indicating the total number of days the convicted person was incarcerated prior to the imposition of the sentence. It shall be the duty of the custodian of such person to transmit the affidavit provided for in this paragraph to the clerk of the superior court within ten days following the date on which the sentence is imposed;

        (4) Order of probation revocation or tolling of probation; and

        (5) A copy of the sentencing information report is required in all jurisdictions with an options system day reporting center certified by the Department of Corrections. The failure to provide the sentencing information report shall not cause an increase in the 15 day time period for the department to assign the inmate to a correctional institution as set forth in subsection (b) of this Code Section.

    All of the aforementioned documents will be submitted on forms provided by the commissioner. The commissioner shall file one copy of each such document with the State Board of Pardons and Paroles within 30 working days of receipt of such documents from the clerk of the court. Except where the clerk is on a salary, the clerk shall receive from funds of the county the fee prescribed in Code Section 15-6-77 for such service.

    (b) [assignment of convicted person to a correctional institution]

    (c) [payment for inmates not transferred]

    (d) In the event that the convicted person is free on bond pending the appeal of his or her conviction, the notice provided for in subsection (a) of this Code section shall not be transmitted to the commissioner until all appeals of such conviction have been disposed of or until the bond shall be revoked.

examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed. [Cit.]

*McDowell v. Smith*, 285 Ga. 592, 593 (678 SE2d 922) (2009). Whether the act of a public official is ministerial or discretionary is determined by the facts of each individual case. *Nelson v. Spalding County*, 249 Ga. 334 (2) (a) (290 SE2d 915) (1982). See also *Meagher v. Quick*, 264 Ga. App. 639 (1) (594 SE2d 182) (2003).

The trial court found that appellants did not breach the ministerial duties imposed by OCGA § 42-5-50 because they properly treated the amended order as a "type of non-sentencing Order." The record, however, directly belies the trial court's finding that the order contained no language indicating that it was a reduction or modification of a sentence.[5] Nor does OCGA § 42-5-50 (a) excuse clerks of the courts from complying with the duties it imposes in those situations when trial judges do not attach final disposition forms to their sentencing orders[6] or do not include language in the sentence directing the clerk of the court to comply with the duty OCGA § 42-5-50 imposes solely upon the clerk. As the Court of Appeals correctly recognized, OCGA § 42-5-50 "does not provide that the clerk shall forward amended sentences to the DOC only if they are filed in a particular form using particular language." *Hicks II*, supra, 303 Ga. App. at 133.

Relying on *Grammens v. Dollar*, 287 Ga. 618 (697 SE2d 775) (2010), appellants assert that their statutory duty to forward sentencing orders to the DOC involved discretion because OCGA § 42-5-50 requires them "to decide whether the condition that was the necessary prerequisite to the ministerial act existed." *Grammens*, supra at 620. *Grammens* involved a school policy requiring that students wear eye protection when performing experiments involving "explosive materials." A majority of the Court held that the duty imposed by this policy was discretionary because it required teachers to first make the decision whether or not an experiment actually involved explosive materials before mandating the ministerial act of

---

[5] The order granted McGee's motion for credit for time successfully completed on probation and included the statements that, at the time of his arrest on a probation warrant, McGee "had successfully completed 25 months of his original sentence, and the Defendant is entitled to credit for that time. The Defendant's present maximum release date is June 27, 2003. With credit for all of the time that he has served, the Defendant's new maximum release date is May 27, 2001."

[6] While a trial judge may choose to use the final disposition forms provided by the DOC to issue sentences in criminal cases in order to facilitate the clerk of the court's duty under OCGA § 42-5-50, we find no merit in appellants' argument that OCGA § 42-5-50 imposes any duty on a trial judge to use those forms or excuses any clerk of the court from notifying the DOC about a sentence merely because a trial judge has chosen to issue a sentence without using the DOC final disposition form.

requiring eye protection for those students performing the experiment.[7] Appellants assert that *Grammens* applies here, reasoning that they had to decide whether or not the amended order was a sentence and that this discretionary decision was the "necessary prerequisite" to the ministerial act of forwarding a sentence to the DOC. We do not agree.

The amended order unambiguously involved a criminal defendant's sentence whether or not appellants recognized it as such. In other words, there was no discretion placed in appellants to decide that the order was *not* a sentencing order contrary to its plain terms. The fact that appellants failed to recognize it as a sentencing order cannot serve to change the nature of the order in any manner. Nor did their lack of recognition render discretionary appellants' mandatory duty to notify the DOC of the new sentence in McGee's case within 30 working days following their July 20, 2000 receipt thereof.[8] That lack of recognition instead may evidence only the negligent performance of the simple, absolute and definite act imposed on appellants by OCGA § 42-5-50 to notify the DOC of a sentence within 30 working days following the condition proven here to exist, i.e., the receipt of a sentence affecting appellee McGee. See *McDowell v. Smith*, supra, 285 Ga. at 593.

Therefore, because the specific actions mandated by OCGA § 42-5-50 are ministerial and were unambiguously triggered by the amended order, the Court of Appeals correctly concluded that they are not within the scope of official immunity and reversed the trial court's ruling to the contrary.

2. We also granted certiorari to address whether the Court of Appeals erred in its application of the law of the case rule in this matter.

> Under the "law of the case" rule, any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals, as the

---

[7] The dissenters, Chief Justice Hunstein, Presiding Justice Carley and Justice Thompson, disagreed on the basis that the experiment conducted in the case unambiguously involved explosive materials and thus the application of the eye-protection policy in that particular situation required no discretion on the part of the teacher.

[8] Contrary to appellants' assertion, our rejection of their position does not mean that OCGA § 42-5-50 imposes any duty on the clerk of the court to "practice law." As the clerk of the FCSCCO and an FCSCCO employee given the responsibility of carrying out certain delegated duties of the clerk, it is reasonable to expect appellants in the proper performance of their duties to possess sufficient knowledge of the law so as to enable them to recognize a criminal sentence or modification thereof when presented with one by a judge or a member of a judge's staff.

case may be. . . . Georgia's appellate courts are required to adhere to the law of the case rule in all matters which they consider. Even where the law subsequently changes, appellate rulings remain binding as between parties to a case, so long as the evidentiary posture of the case remains unchanged, despite all contentions that prior rulings in the matter are erroneous.

(Punctuation and footnotes omitted.) *Security Life Ins. Co. v. Clark*, 273 Ga. 44, 46 (1) (535 SE2d 234) (2000).

The ruling at issue in *Hicks I* was the denial of a motion to dismiss under OCGA § 9-11-12 (b) (6) (failure to state a claim upon which relief can be granted). Pertinent to this appeal, appellants in *Hicks I* claimed "that they are entitled to official immunity as a matter of law *because McGee failed to specifically allege* that they negligently performed a ministerial act." (Emphasis supplied.) *Hicks I*, supra, 283 Ga. App. at 680 (2) (b).[9] The *Hicks I* court disagreed with this argument based upon its construction of McGee's complaint in the light most favorable to him. Id. Although the Court of Appeals initially synopsized its holding by stating that the trial court "should deny [appellants'] motion to dismiss McGee's claims against them in their individual capacities because those claims are not barred by the doctrine of official immunity," id. at 678, a review of the actual holding reveals that the *Hicks I* court never resolved the issue whether appellants' acts were ministerial or discretionary. Rather, it merely recognized that, in the factual allegations of his complaint, "it is clear that *McGee is asserting that* [appellants] failed to perform the ministerial act of communicating his sentence to the Department of Corrections." (Emphasis supplied.) Id. at 680 (2) (b). It thus appears that the *Hicks II* court erred when it stated that this quote — minus the emphasized language — represented the holding of *Hicks I*. See *Hicks II*, supra, 303 Ga. App. at 132. Rather, the *Hicks I* opinion is clear that the court itself did not issue a ruling as to whether or not McGee's assertion in this regard was correct.

Without an express ruling on the [official] immunity issue in [*Hicks I*], the law of the case rule as articulated in OCGA § 9-11-60 (h) is inapplicable here. OCGA § 9-11-60 (h) ("any *ruling* by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be") (emphasis supplied);

---

[9] In Division 2 (a), the Court of Appeals addressed only the claim by appellant Hicks that she was sued for her negligent failure to supervise.

see also *Parks v. State Farm Gen. Ins. Co.*, 238 Ga. App. 814, 815 (1) (520 SE2d 494) (1999) (law of the case rule "applies only to actual decisions, not to issues raised by the parties but never ruled upon") (emphasis in original).

*Currid v. DeKalb State Court Probation Dept.*, 285 Ga. 184, 186, fn. 5 (674 SE2d 894) (2009). The Court of Appeals erred by "expand[ing] the law of the case rule of OCGA § 9-11-60 (h) to encompass an 'implied' ruling on an 'implied' finding of a waiver of [official] immunity in [*Hicks I*] when the issue of [official] immunity simply was not addressed in [*Hicks I*]." Id. We accordingly disapprove its holding in this regard.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 5, 2011 —
RECONSIDERATION DENIED JULY 21, 2011.

*Y. Soo Jo, Robert D. Ware, Kaye W. Burwell*, for appellants.
*Goldberg & Cuvillier, Ralph S. Goldberg*, for appellee.