MCFADDEN, Judge,
concurring in part and dissenting in part.
Because our prior opinion does not resolve the issue of West’s default, I respectfully dissent in part. In the prior appearance of this case we reversed the trial court’s grant of summary judgment in favor of West. The trial court had held as a matter of law that, regardless of the condition of the roofs, West had no duty to replace them. The trial court did not reach, among other things, West’s tender defense or West’s contention that the roofs could have been repaired rather than replaced. So we did not reach those issues either — nor could we have. It follows that the language in our earlier opinion to the effect that West’s failure to repair the roofs constituted default and barred it from exercising the termination clause is not the law of the case.
Consequently, I concur in Division 2 (affirming the grant of summary judgment to West on NW Parkway’s claim for rent after December 2012), Division 3 (affirming the denial of summary judgment to West on NW Parkway’s claim for late fees), Division 5 (affirming the denial of summary judgment to West on NW Parkway’s claim for OCGA § 13-6-11 attorney fees), Division 6 (reversing the denial of summary judgment to NW Parkway on West’s fraud claim) and Division 7 (reversing the denial of summary judgment to NW Parkway on West’s gross negligence claim). But I respectfully dissent from Division 1 (reversing the denial of summary judgment to NW Parkway on its claim for breach and anticipatory breach of the lease) and Division 4 (affirming the grant of summary judgment to NW Parkway on its claim for roof-related expenses).
1. Law of the case.
Because there has been an earlier appeal in this case, NW Parkway, LLC v. Lemser, 309 Ga. App. 172 (709 SE2d 858) (2011), our analysis begins with the law of the case rule. See OCGA § 9-11-60 (h). *792 Contrary to the majority, I would hold that it is not applicable. “The law of the case’ has been defined as a controlling legal rule established by a previous decision between the same parties in the same case.” Modern Roofing & Metal Works v. Owen, 174 Ga. App. 875, 875 (1) (332 SE2d 14) (1985) (citation and punctuation omitted). Accordingly, the law of the case rule applies “only when the same issue has been actually litigated and decided.” State v. Mizell, 288 Ga. 474, 478 (3) (705 SE2d 154) (2010) (citations omitted).
West filed the motion for summary judgment that we reviewed in the first appearance of this case, NW Parkway, 309 Ga. App. at 172. It sought summary judgment on its counterclaim for a declaratory judgment seeking the resolution of “questions of law” regarding the terms of the lease. To the extent that it turned on interpretation of the lease, the matter was a question of law, not fact. See OCGA § 13-2-1 (“The construction of a contract is a question of law for the court.”); Roswell Festival, L.L.L.P. v. Athens Intl., 259 Ga. App. 445, 447 (1) (576 SE2d 908) (2003) (“The construction of the provisions of a lease, as with other written contracts, is generally a matter of law for the trial court to determine.”).
In September 2009, the trial court granted West’s motion, finding that under the lease, West had no obligation to replace the roofs, and that even if West did have such an obligation, NW Parkway waived its rights under the lease by accepting subsequent rent payments from West. NW Parkway, 309 Ga. App. at 174-175. But as the trial court acknowledged in the ruling now before us, that September 2009 order “did not adjudicate any facts concerning necessity of replacement. . . .”
We reversed that 2009 opinion, holding that the trial court erred in both rulings. Our opinion makes clear that we were considering questions of law. We wrote, as to interpretation of the lease, “NW Parkway argues that the trial court erred by ruling that West, as a matter of law, had no obligation to repair the property’s roof.” NW Parkway, 309 Ga. App. at 175 (2) (emphasis supplied). And on the waiver issue, we wrote that ordinarily, the question of waiver is for jury resolution, but not in the matter before us. Id. at 178 (3). Instead, we held that, as a matter of law, NW Parkway’s acceptance of rent did not waive its right to reject West’s attempt to terminate the lease at the five-year mark. Id. at 177-178 (3).
The language by which the majority finds us to be constrained comes near the end of our analysis. Having held that the grant of summary judgment to West on that issue could not be sustained on either of the grounds set out in the trial court’s 2009 opinion and viewing the evidence in the light most favorable to NW Parkway as the nonmovant, we went on to write that West’s “failure to repair the *793 roof[ ] constituted [a] default” that would prevent it from timely complying with the early termination clause. NW Parkway, 309 Ga. App. at 178 (3). Read in light of the scope of the issues properly before us, that language is correctly understood to mean that the lease could still be in effect and that NW Parkway’s acceptance of rent was not inconsistent with its intent to insist on West’s compliance with the conditions precedent for early termination.
The opinion contained no analysis of whether genuine issues of material fact existed on the issue of default. That issue was not before us. “[A] review of the actual holding reveals that the .. . court never resolved the issue whether” West was in default. Hicks v. McGee, 289 Ga. 573, 578 (2) (713 SE2d 841) (2011). Consequently, the law of the case rule does not apply to resolve the issue of whether West was in default. Compare Choate Constr. Co. v. Auto-Owners Ins. Co., 335 Ga. App. 331 (779 SE2d 465) (2015) (prior appellate holding regarding existence of genuine issues of material fact, which precluded summary judgment to one party, was law of the case in subsequent appeal of denial of summary judgment to another party).
I therefore turn to the trial court’s grant of summary judgment to NW Parkway on its claim for roof-related expenses, the ruling at issue in the majority’s Division 4, and to the trial court’s denial of both parties’ motions for summary judgment on NW Parkway’s claim for breach and anticipatory breach of the lease, the ruling at issue in the majority’s Division 1.
2. Roof-related expenses.
In its Division 4, the majority affirms the trial court’s grant of summary judgment to NW Parkway as to liability on its claim for roof-related expenses. The majority holds that the issue of whether West breached the lease by failing to repair or replace the roofs was resolved in the first appeal. As detailed above, our prior opinion did not resolve the issue of whether West breached the lease. It simply held that, under the terms of the lease, West was obligated — when necessary — to repair and replace the roof. And in the opinion now before us, the trial court acknowledged that questions of fact remained as to “whether, and to what extent the two roofs could have been repaired rather than replaced or . . . whether the lower roof was defectively constructed or would have lasted to the conclusion of West’s tenancy.” Accordingly, I would reverse the trial court’s grant of summary judgment on this issue.
3. Breach and anticipatory breach.
The trial court denied the parties’ cross-motions for summary judgment on NW Parkway’s claim for breach and anticipatory breach *794 of the lease, identifying disputed issues of material fact. In Division 1, the majority accurately summarizes the fact issues identified in the trial court’s ruling.
Decided March 30, 2016 —
Reconsiderations denied April 14, 2016
Bondurant, Mixson & Elmore, M. Jerome Elmore, Timothy S. Rigsbee; Copian Cobb, Michael A. Copian, for appellant.
Barnes Law Group, Roy E. Barnes, John E Salter, Jr., for appellee.
[That] ruling was supported by the court’s determination that material questions of fact remain regarding whether West satisfied the conditions for terminating the lease at the end of the first five-year interval. In particular, the trial court determined that there is a jury question regarding West’s tender defense, that is, that West’s tender of the roof-related expenses, by moving to deposit $384,226 into the registry of the court, was sufficient to defeat NW Parkway’s claim that West breached the lease by failing to replace the roof. An alternative basis for the denial of summary judgment on NW Parkway’s Count 2 was the court’s determination that material questions of fact remain regarding whether a surrender took place as of January 2010, that is, whether NW Parkway took actions incompatible with the continued existence of West’s leasehold after that date.
Maj. op. pp. 780-781. Notwithstanding all of that, the majority finds us constrained to reverse by the language of our prior opinion. I would affirm. Whether West breached its obligation to repair or replace the roof is a question of fact. And as detailed above, that language is not the law of the case, and we are not bound by it. Even if West breached the lease, whether its tender was sufficient to cure the breach, prevent default, and allow it to invoke its right to early termination depends — as the trial court held — on disputed questions of fact.
I am authorized to state that Presiding Judge Barnes joins in concurring in part and dissenting in part.