**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 22, 2020**

# In the Court of Appeals of Georgia

A20A0202. GAI SPANN v. RASHIDA DAVIS et al.

RICKMAN, Judge.

Appellant Gai Spann sued appellees Rashida Davis and Kyra Dixon, administrators (collectively "the Clerks") of the City of Atlanta Municipal Court ("the municipal court"),[1] alleging that the Clerks' failure to perform their duties to withdraw a canceled arrest warrant from the State's criminal database led to her wrongful arrest and detention. The Clerks filed a motion to dismiss Spann's complaint, which the trial court granted based upon its conclusion that the Clerks were entitled to quasi-judicial immunity against Spann's claims. Spann appeals,

---

[1] Spann's suit also included as a defendant an unidentified City of Atlanta Municipal Court courtroom deputy clerk, who was referenced as "John Doe." Spann's claims against the unidentified courtroom deputy clerk were the same as the claims against the Clerks.

contending that the trial court's decision was procedurally and substantively erroneous. We disagree and affirm.

> A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

(Citation and punctuation omitted.) *Austin v. Clark*, 294 Ga. 773, 774-775 (755 SE2d 796) (2014). "On appeal, we review a trial court's decision to grant or deny a motion to dismiss de novo." (Footnote omitted.) *Crosby v. Johnson*, 334 Ga. App. 417, 417 (779 SE2d 446) (2015).

Spann's complaint alleged that on August 7, 2017, a City of Atlanta police officer issued Spann a citation charging her with a traffic offense relating to an automobile accident. Spann was notified to appear in the municipal court on September 20, 2017. Spann failed to appear for the court date and thus, a failure-to-appear ("FTA") warrant for her arrest was issued on October 24, 2017. The

2

FTA warrant was entered into the Georgia Crime Information Center ("GCIC") database on the following day.

Thereafter, on November 9, 2017, Spann voluntarily appeared in the municipal court and entered a guilty plea to the traffic citation. The municipal court ordered Spann to pay a fine, which was deferred under a pretrial intervention plan. Spann further alleged that although the FTA warrant had been cancelled at the direction of the municipal court judge, the Clerks neglected to withdraw the FTA warrant from the GCIC system.

On January 26, 2018, Spann was stopped by police for another traffic violation. During the traffic stop, a GCIC check revealed that the FTA warrant was still active. Spann was arrested and detained in jail.

Spann claims that during her unlawful detention, she experienced humiliation, extreme anxiety and emotional distress. She was subsequently released after payment of a cash bond and the fine that previously had been deferred.

Spann later filed the instant suit, claiming that the Clerks had breached their ministerial duties to remove, or to confirm the removal of, the cancelled FTA warrant from the GCIC system, which led to her false arrest. Spann's suit sought the recovery

3

of consequential damages and attorney fees allegedly incurred as a result of the Clerks' negligence.

The Clerks filed a motion to dismiss the lawsuit under OCGA § 9-11-12 (b) (6) on the grounds that Spann's complaint was barred by her failure to comply with the statutory requirements for serving an ante litem notice and by operation of the doctrines of sovereign and official immunity. In its ruling, the trial court dismissed the lawsuit based on its finding that Spann's claims were barred by the doctrine of quasi-judicial immunity, rather than the alternative grounds raised by the Clerks' motion. Spann timely filed the instant appeal to challenge the trial court's dismissal order.

1. Spann first contends that the trial court erred by ruling sua sponte that the Clerks were entitled to quasi-judicial immunity without providing the parties notice and an opportunity to address the issue. We discern no error.

Contrary to Spann's contention, "[a] trial court has the authority to dismiss claims sua sponte if it can determine from the pleadings that the claims cannot succeed as a matter of law." (Citation and punctuation omitted.) *Roberts v. DuPont Pine Prods., LLC*, 352 Ga. App. 659, 661 (2) (835 SE2d 661) (2019); see also *Perry Golf Course Dev. v. Housing Auth. of City of Atlanta*, 294 Ga. App. 387, 392-393 (6)

4

(670 SE2d 171) (2008) (rejecting appellant's objection to the trial court's sua sponte dismissal of claims without giving notice or an opportunity to be heard because "a trial court has the authority to dismiss claims sua sponte and without a hearing if it can determine from the pleadings that the claims cannot succeed as a matter of law").

The procedural distinction between dismissal, as opposed to summary judgment, is significant. In this regard, we have ruled that "if matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment, and all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by OCGA § 9-11-56." (Citation and punctuation omitted.) *Roberts*, 352 Ga. App. at 661 (1). But, here, as in *Roberts*, there is no indication that the trial court considered matters outside the pleadings in reaching its decision to dismiss the complaint. "Accordingly, [Spann has] not shown that the trial court's dismissal was a summary judgment ruling for which notice and an opportunity to respond were required." (Citation and punctuation omitted.) Id.

2. Spann also contends that the trial court erred by concluding that the Clerks are entitled to quasi-judicial immunity. Again, no error has been shown.

5

The trial court correctly ruled that this case is controlled by the binding precedent of *Withers v. Schroeder*, 304 Ga. 394 (819 SE2d 49) (2018). In *Withers*, as in the instant case, appellant claimed that a court administrator had breached his ministerial duties by failing to accurately report the disposition of appellant's traffic case to an interested government agency, which led to the suspension of appellant's driver's license and to appellant's unlawful arrest for driving with a suspended license. *Withers*, 304 Ga. at 394-395 (1). Considering these circumstances, our Georgia Supreme Court held that the appellant's claims were barred because the court administrator was immune from suit by the doctrine of quasi-judicial immunity. Id. at 399-400 (3).

"Georgia law has long recognized the doctrine of judicial immunity for state law claims." *Withers*, 304 at 396-397 (2).

> Judicial immunity shields judicial officers from liability in civil actions based on acts performed in their judicial capacity that are not undertaken in the complete absence of all jurisdiction. This broad judicial immunity, normally applied to judges, also applies to officers appointed by the court if their role is simply an extension of the court.

(Citations and punctuation omitted.) *Considine v. Murphy*, 297 Ga. 164, 169 fn. 4 (3) (773 SE2d 176) (2015). The crux of this matter, therefore, is whether the Clerks were

6

performing a judicial function in failing to report the cancellation of the FTA warrant to the interested government agency.

An FTA warrant is a bench warrant issued by a judge on the court. See OCGA §§ 17-6-11 (b) (1) (governing the issuance of a bench warrant when the accused fails to appear for court after a uniform traffic citation has been issued);17-7-90 (a) (providing that "[a] bench warrant may be issued by a judge" for the arrest of a person charged with a crime who has failed to appear in court after receiving notice of the court date); Black's Law Dictionary (11th ed. 2019) (a "bench warrant" is "[a] writ *issued directly by a judge* to a law-enforcement officer. . . for the arrest of a person who . . . has failed to appear for a hearing or trial.") (punctuation omitted; emphasis supplied). As such, the cancellation of an FTA warrant is an extension of the judicial function.

> In a substantially similar context, *Withers* ruled that the act of reporting the disposition of a matter pending before a court to an interested government agency is a function that is judicial in nature and inherent to the judicial process. Similarly, the act of preparing a report at the direction of the judge to aid in the judicial process is a function that is judicial in nature and may be protected by judicial immunity even if a judicial officer, rather than a judge, actually prepares the report.

(Citations and punctuation omitted.) *Withers*, 304 at 398-399 (2). When court administrators act at the direction of judges in fulfilling the function of reporting the disposition of traffic cases to an interested government agency,[2] the court administrators act as an "extension of the court" or "arm of the judge[s]" such that they are immune from suit based on quasi-judicial immunity. Id. at 399 (3). Here, Spann's claims against the Clerks are based upon their function as court administrators in reporting the disposition of the traffic case to GCIC, an interested government agency. In accordance with *Withers*, the doctrine of quasi-judicial immunity applies to bar Spann's claims.[3]

---

[2] Spann's own complaint alleged that "although cancelled *at the direction of the Atlanta Municipal Court* on November 9, 2017, the FTA warrant remained active in the GCIC system." (Emphasis supplied.) Although Spann argues that she should be allowed discovery to determine whether the duty report the cancellation of an FTA bench warrant was a judicial function or ministerial duty, this argument fails. Discovery responses would not alter the fact that the report of the cancellation of a bench warrant is an extension of a judicial function.

[3] We disagree with Spann's efforts to distinguish *Withers* based on the inapplicability of the former version of OCGA § 17-6-11 (b) (2011) requiring a court to report the status of a traffic case to the Department of Driver Services. Although OCGA § 17-6-11 (b) is not at issue in this case, it is undisputed that the reporting of the disposition of traffic cases to an interested government agency is involved, which is the circumstance that relates to *Withers*.

Contrary to Spann's argument, the Georgia Supreme Court's opinion in *Hicks v. McGee*, 289 Ga. 573 (713 SE2d 841) (2011), is not controlling.[4] Notably, unlike *Withers*, the *Hicks* opinion did not address the issue of quasi-judicial immunity and the context of a clerk's reporting functions in traffic cases.[5] But even if the Georgia Supreme Court's opinions in *Withers* and *Hicks* could be viewed as discordant, the most recent case of *Withers* controls. "When a high court finds discordant opinions among its own horizontal precedents[,] the court generally follows its decision in the most recent case, which must have tacitly overruled any truly inconsistent holding." (Citation and punctuation omitted.) *White v. State*, 305 Ga. 111, 122 fn.10 (3) (823 SE2d 794) (2019). In other words, "[w]hen faced with its own conflicting decisions, the Supreme Court of Georgia's more recent case [is] controlling, because the case

---

[4] In *Hicks*, the Georgia Supreme Court held that court clerks were not entitled to official immunity when they breached a ministerial duty imposed by OCGA § 42-5-50 (a) to notify the Department of Corrections of appellant's amended sentence. *Hicks*, 289 Ga. at 575-577 (1).

[5] We likewise discern no merit in Spann's argument that the operation of quasi-judicial immunity is precluded by the complaint's failure to name as a co-defendant the judge who directed the withdrawal of the bench warrant. Spann fails to cite, and we have not identified, any legal authorities imposing such a pleading requirement as a condition to the operation of quasi-judicial immunity.

decided by [the] Court later in time is the more persuasive decision."(Citation and punctuation omitted.) Id.

The trial court's dismissal order in accordance with *Withers* was proper. *Withers*, 304 at 399-400 (3).

*Judgment affirmed. Dillard, P. J., and Brown, J., concur.*