S06G0632. PHILLIPS et al. v. HANSE.
(637 SE2d 11)

SEARS, Chief Justice.

We granted certiorari in this case[1] to consider whether the Court of Appeals properly held that the appellee, Sean Hanse, was entitled to summary judgment on the ground of official immunity. Because we conclude that Hanse was involved in a discretionary act in engaging in a high-speed chase and did not act with actual malice in doing so, we conclude that the Court of Appeals did not err in ruling that Hanse was entitled to summary judgment.

1. County law enforcement officers such as Hanse are entitled to official or qualified "immunity for the negligent performance of discretionary acts within the scope of their authority," but "they may be personally liable if they negligently perform a ministerial act or act with actual malice or an intent to injure" when performing a discretionary act.[2]

The facts of the case are set out in the Court of Appeals' opinion, and will only be reiterated here where necessary. In this regard, the record shows that Hanse engaged in a high-speed chase that "ended when the fleeing suspect . . . struck a car driven by Terron Phillips, killing him and injuring the three children who were passengers in

---

[1] *Hanse v. Phillips*, 276 Ga. App. 558 (623 SE2d 746) (2005).

[2] *Cameron v. Lang*, 274 Ga. 122, 124 (549 SE2d 341) (2001).

the car."[3] Moreover, the evidence shows that, during the high-speed chase, Hanse violated several provisions in a Fulton County police manual setting out rules for such chases. Hanse, for example, did not come to a complete stop at stop signs and traffic lights during the chase, and there was some evidence that Hanse bumped the fleeing vehicle in violation of the manual.

The initial question is whether Hanse was engaging in a discretionary act when he became involved in the high-speed chase. Phillips contends that, although Hanse may have had the discretion to initiate and continue the high-speed chase, he had no discretion to violate the prohibitions contained in the county manual, and that his violations of the manual constitute ministerial acts for which Hanse may be liable.

Our prior cases, however, require that we reject Phillips's contention. In *Cameron v. Lang*, the officer engaged in a high-speed chase that resulted in an injury to a third party when the officer ran a stop sign without using his siren and emergency lights. This action violated a state law, OCGA § 40-6-6 (b), (c), that prohibits a law enforcement vehicle from proceeding through a stop sign without using his siren and emergency lights when pursuing a suspect. We held that the officer had discretion to engage in the high-speed chase; that the fact that the officer ran the stop sign without turning on his siren and blue lights did not "change his decision to engage in a high speed pursuit into a ministerial act"; and that the officer was thus engaged in a discretionary act in engaging in the chase.[4] We reached a similar conclusion again in *Logue v. Wright*,[5] in which we held that an officer's violation of OCGA § 40-6-6 did not turn his decision to respond to an emergency call into a ministerial act.

Accordingly, in the present case, we must conclude that Hanse's decision to engage in the high-speed chase constituted a discretionary act.

2. Having concluded that Hanse's pursuit constituted a discretionary act, we must next address Phillips's contention that there is some evidence in the record that Hanse acted with actual malice and that therefore the Court of Appeals erred in ruling that Hanse was entitled to summary judgment on his immunity defense. More specifically, Phillips contends that there is some evidence that Hanse intentionally bumped the fleeing vehicle and thus violated the Fulton County manual, and that this violation of the manual constitutes evidence of actual malice. For the reasons that follow, we disagree.

---

[3] *Hanse*, 276 Ga. App. at 559.

[4] *Cameron*, 274 Ga. at 125.

[5] 260 Ga. 206, 208 (392 SE2d 235) (1990).

In *Merrow v. Hawkins*,[6] this Court discussed the meaning of the term "actual malice" that appears in Art. I, Sec. II, Par. IX (d) of the Georgia Constitution.[7] Because the Constitution used the term "actual malice," and not merely the term "malice" or "implied malice," we found that the term "actual malice" denoted " 'express malice or malice in fact.' Black's Law Dictionary, 6th ed. (1990)."[8] In this regard, Black's Law Dictionary defines "express malice" as "[t]he intent to kill or seriously injure arising from a deliberate, rational mind."[9] In *Merrow*, we also concluded that actual malice was something more than implied malice, which, we noted, had been defined "to mean conduct exhibiting a 'reckless disregard for human life.' "[10] Finally, we stated that " 'actual malice' requires a deliberate intention to do wrong."[11]

*Adams v. Hazelwood*[12] was the next case of this Court to address the issue of what constitutes actual malice. In *Adams*, a high school coach punished a student by requiring him to cut weeds under the school's stadium bleachers with a pair of scissors. The student was injured as a result and sued the coach. In determining whether the coach acted with actual malice, we noted that *Merrow* held that " ' "actual malice" requires a deliberate intention to do wrong' "[13] and stated that "[t]his definition is consistent with express malice which ... is similarly defined as a deliberate intention to do an unlawful act."[14] We rejected the plaintiff's contention that the coach's conduct constituted "actual malice" because the coach acted with ill will towards him. We stated that to adopt this rule would permit plaintiffs to overcome a defendant's official immunity simply by showing that a defendant harbored "rancorous personal feelings towards the plaintiff, even though the defendant's actions in regard to the disliked plaintiff may have been completely lawful." We concluded that "actual malice means a deliberate intention to do a wrongful act," and that "[s]uch act may be accomplished with or without ill will and

---

[6] 266 Ga. 390 (467 SE2d 336) (1996).

[7] Art. I, Sec. II, Par. IX (d) provides as follows:

(d) Except as specifically provided by the General Assembly in a State Tort Claims Act, all officers and employees of the State or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions.

[8] *Merrow*, 266 Ga. at 392.

[9] Black's Law Dictionary, 7th ed. 1999.

[10] Id.

[11] Id. at 391.

[12] 271 Ga. 414 (520 SE2d 896) (1999).

[13] *Adams*, 271 Ga. at 414, quoting *Merrow*, 266 Ga. at 391.

[14] Id. at 415.

whether or not injury was intended."[15] Finally, we also concluded that there was no evidence the coach acted with a deliberate intent to commit a wrongful act, and that he was entitled to summary judgment.[16]

More recently, in *Cameron*, this Court was again faced with the issue of what constitutes actual malice. In *Cameron*, citing to *Adams* and *Merrow*, this Court concluded that an officer who violated state law[17] by engaging in a high-speed chase and running a stop sign without activating his siren and blue lights did not act with "actual malice."[18] We specifically cited to the part of *Merrow* stating that " 'actual malice' required the 'deliberate intention to do wrong.' "[19] Accordingly, the violation of the state law in *Cameron* did not constitute a "deliberate intention to do wrong" so as to constitute "actual malice."

In the present case, relying on *Adams*, Phillips contends that Hanse's violation of the Fulton County manual in bumping the fleeing suspect's car constituted a "deliberate intention to do wrong" regardless of whether he acted with ill will or an intent to injure, and that he therefore is not entitled to official immunity. We disagree.

Although the phrase "deliberate intent to do wrong" is somewhat vague, we need not determine the exact parameters of when a defendant's conduct will constitute a deliberate intent to do wrong so as to satisfy the actual malice requirement, as the foregoing review of our cases demonstrates that Hanse did not act with actual malice. First, if the officer in *Cameron* did not act with a deliberate intent to do wrong in violating a state law, then Hanse cannot be said to have acted with a deliberate intent to do wrong in violating the Fulton County manual. Moreover, although there is some evidence that Hanse bumped a fleeing vehicle during a high-speed chase on the interstate system of a major city, and although this conduct might be considered reckless, our cases establish that actual malice requires more than reckless conduct.[20] Finally, Phillips does not contend that there is any evidence, and we do not find any evidence, that Hanse intended to physically harm the suspect or any bystander by his actions.[21]

---

[15] Id.

[16] Id. at 415-416.

[17] OCGA § 40-6-6 (b), (c).

[18] 274 Ga. at 125, n. 21.

[19] Id.

[20] *Merrow*, 266 Ga. at 392; *Adams*, 271 Ga. at 414-415; *Cameron*, 274 Ga. at 125.

[21] In substantive due process claims under 42 USC § 1983 that involve high-speed police chases, the federal courts have adopted the requirement that the officer's conduct must show an intent to harm before liability may attach. See *County of Sacramento v. Lewis*, 523 U. S. 833,

Accordingly, it cannot be said that Hanse's conduct rises to the level of a deliberate intent to do wrong within the meaning of the term "actual malice."

3. For the foregoing reasons, we conclude that the Court of Appeals properly held that Hanse was entitled to summary judgment on his claim of official immunity from liability.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 16, 2006.

*Cathey & Strain, Edward E. Strain III, David A. Sleppy, Matthew T. Allen*, for appellants.

*Overtis H. Brantley, Robert D. Ware, Rolesia B. Dancy*, for appellee.

835, 854 (118 SC 1708, 140 LE2d 1043) (1998); *Helseth v. Burch*, 258 F3d 867, 868 (8th Cir. 2001). It has also been held that the ramming or bumping of the suspect's vehicle does not satisfy this standard. *Helseth*, 258 F3d at 872.