## A08A0771. TODD v. BROOKS.
(665 SE2d 11)

PHIPPS, Judge.

Alfred Robert Todd brought an action for damages against sheriff's deputy Ty Joseph Brooks after Brooks killed Todd's bull while attempting to impound it. The trial court granted Brooks summary judgment on the ground of official immunity, and Todd appeals. We affirm, finding that Brooks was entitled to official immunity because his actions were discretionary.

We review a grant of summary judgment de novo, construing the evidence and all reasonable inferences derived therefrom in the light most favorable to the nonmovant.[1] So viewed, the evidence shows that the bull became loose from a fenced area on October 4, 2005, and was spotted by a passerby near a public road. Brooks was dispatched to impound the animal. He and the passerby successfully directed the bull away from the public road and toward the fenced area, but

---

[1] *Halilovic v. Penske Truck Leasing*, 287 Ga. App. 215, 216 (651 SE2d 160) (2007).

when the bull turned and began to advance toward Brooks with its head lowered, Brooks shot the bull in the head and killed it. In granting Brooks's motion for summary judgment, the trial court held that Brooks's "exercise of discretion in deciding the stray bull had to be shot entitles him to official immunity."

1. Whether a government official is entitled to official immunity is a question of law.[2]

> The doctrine of official immunity . . . offers public officers and employees limited protection from suit in their personal capacity. [Official] immunity protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice, or corruption. Under Georgia law, a public officer or employee may be personally liable only for ministerial acts negligently performed or acts performed with malice or an intent to injure. The rationale for this immunity is to preserve the public employee's independence of action without fear of lawsuits and to prevent a review of his or her judgment in hindsight.[3]

The question raised in this case is whether Brooks's actions in attempting to impound the bull were discretionary, entitling him to official immunity, or ministerial, subjecting him to potential liability for negligence.

> [A] ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.[4]

"Generally, the determination of whether an action is discretionary or ministerial depends on the character of the specific actions complained of, not the general nature of the job, and is to be made on

---

[2] *Conley v. Dawson*, 257 Ga. App. 665, 668 (2) (572 SE2d 34) (2002).

[3] *Cameron v. Lang*, 274 Ga. 122, 123 (1) (549 SE2d 341) (2001) (punctuation and footnotes omitted); see also Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d); *Gilbert v. Richardson*, 264 Ga. 744, 752-753 (6) (452 SE2d 476) (1994); *Daley v. Clark*, 282 Ga. App. 235, 237 (2) (638 SE2d 376) (2006).

[4] *Daley*, supra at 243 (2) (a) (footnote omitted); accord *Clive v. Gregory*, 280 Ga. App. 836, 841-842 (2) (635 SE2d 188) (2006); *Stone v. Taylor*, 233 Ga. App. 886, 888 (2) (506 SE2d 161) (1998).

a case-by-case basis."[5]

OCGA § 4-3-4 (a) pertinently provides that "[i]t shall be the duty of the sheriff, his deputies, or any other county law enforcement officer to impound livestock found to be running at large or straying." Todd argues that because this statute uses compulsory language, Brooks was obligated to impound the bull and his actions in meeting this obligation were ministerial. Todd points to several cases that he contends stand for the proposition that actions in performance of a mandatory task must be deemed ministerial.[6] We do not read these cases to stand for such a broad proposition. Georgia jurisprudence offers both examples of ministerial actions that involved the exercise of some judgment and examples of discretionary actions that involved the performance of a mandatory task.[7] And the Supreme Court of Georgia has held that a statutorily-mandated action is not necessarily "the equivalent of a ministerial act that deprives the actor of official immunity if done negligently."[8] An official's actions in fulfilling a statutory mandate may be discretionary when those actions involve the exercise of personal deliberation and judgment.[9]

OCGA § 4-3-4 (a) does not specify the manner in which a county officer must impound stray livestock and thus did not provide Brooks with clear, definite and certain procedures for impounding the bull, and his duty to impound was not simple or specific. To control a potentially dangerous animal, Brooks was required to make decisions concerning the safety of himself and others as circumstances — including the behavior of the animal — changed. Under such changing circumstances, Brooks was required to exercise considerable deliberation and judgment, which rendered his actions discretionary,[10] and the trial court did not err in holding that he was entitled to official immunity.

---

[5] *Wright v. Ashe*, 220 Ga. App. 91, 93 (469 SE2d 268) (1996) (citation omitted).

[6] See, e.g., *Lincoln County v. Edmond*, 231 Ga. App. 871, 874-875 (2) (501 SE2d 38) (1998) (involving official's obligation to remove fallen tree from roadway); *Joyce v. Van Arsdale*, 196 Ga. App. 95, 96-97 (395 SE2d 275) (1990) (involving official's obligation to close and barricade county bridge); see also *Miree v. United States*, 490 FSupp. 768, 773-775 (N.D. Ga. 1980) (involving official's obligation to remove or warn of airport hazard caused by birds).

[7] See generally *Golden v. Vickery*, 285 Ga. App. 216, 218-220 (645 SE2d 695) (2007) (discussing various lines of authority on this point).

[8] *Murphy v. Bajjani*, 282 Ga. 197, 199 (1) (647 SE2d 54) (2007).

[9] See id. at 199-200; *Leake v. Murphy*, 284 Ga. App. 490, 495 (2) (644 SE2d 328) (2007).

[10] Compare *Bajjani*, supra at 199 (1) (finding creation of school safety plan as required by statute to be discretionary action) and *Daley*, supra at 245 (2) (a) (finding manner in which officers decided to assist victim, in responding to medical emergency and possible homicide, was discretionary action involving judgment call) with *Hicks v. McGee*, 283 Ga. App. 678, 680 (2) (a) (642 SE2d 379) (2007) (finding clerk of court had ministerial duty to communicate criminal sentence to Department of Corrections).

2. In a separately enumerated error, Todd argues that a factual dispute concerning whether, under the circumstances, Brooks was justified in shooting Todd's bull precludes summary judgment. In light of our holding in Division 1 that Brooks's actions were discretionary, and because Todd has not alleged that Brooks's actions were the result of actual malice or an intent to injure him, we find no error.

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 26, 2008 — ▮▮▮▮▮▮▮▮

*Adam Ferrell*, for appellant.
*Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, Richard K. Strickland, Paul M. Scott*, for appellee.