S12G2030. ROPER v. GREENWAY.
(751 SE2d 351)

HINES, Presiding Justice.

This Court granted a writ of certiorari to the Court of Appeals in *Greenway v. Northside Hosp., Inc.*, 317 Ga. App. 371 (730 SE2d 742) (2012), to determine if that Court erred in evaluating Deputy Sheriff Terry Roper's claim that he was entitled to official immunity from

liability in connection with the euthanization of two dogs. Finding that the Court of Appeals erred, we reverse that Court's judgment and remand the case to it for further proceedings.

As the Court of Appeals correctly observed, because the case was resolved in the trial court by granting Roper's motion for summary judgment, the evidence must be viewed in the light most favorable to nonmovant Mitchell Greenway. Id. at 371-373. So viewed, the facts pertinent to our review are the following. Greenway was taken by ambulance from his home to a hospital; two dogs remained at the home. While Greenway was in the hospital's emergency department, and uncertain whether he would live, he was pressured to sign an "Owner Release Form" regarding his dogs; the form was given to him by Roper and authorized Forsyth County Animal Control to destroy the dogs. At the time he signed the form, Greenway was unable to read it without his eyeglasses and understood that his dogs were going to the Humane Society; the dogs were euthanized before Greenway was able to recover from his illness and take further action.

Greenway sued Roper, the hospital, the Sheriff, and the County's animal shelter provider. The trial court granted summary judgment to all defendants, but the Court of Appeals reversed as to Roper, the hospital, and the animal shelter operator.[1] As to Roper, the Court of Appeals found that the doctrine of official immunity insulated him from liability from his decision to ask Greenway to sign the form, but not from his execution of that decision.

Under the relevant doctrine,

> [c]ounty law enforcement officers such as [Roper] are entitled to official or qualified immunity for the negligent performance of discretionary acts within the scope of their authority, but they may be personally liable if they negligently perform a ministerial act or act with actual malice or an intent to injure when performing a discretionary act.

*Phillips v. Hanse*, 281 Ga. 133 (1) (637 SE2d 11) (2006) (Citation and punctuation omitted.) In applying these principles, the Court of Appeals noted that Roper

> testified that he made the decision on his own and as a matter of his own discretion, to provide the release form to

---

[1] Our grant of certiorari addresses only the reversal of the grant of summary judgment to Roper.

Greenway to sign. There is no evidence that Deputy Roper was ordered or obligated to seek Greenway's signature on the release form.

*Greenway*, supra at 379 (1) (a). The Court of Appeals concluded that, given those facts, "the trial court properly concluded Deputy Roper's 'decision to ask (Greenway) to sign the release for his two dogs' was 'discretionary' and one which required 'Deputy Roper to exercise personal deliberation and judgment.' [Cit.]" Id. And in reaching this conclusion, the Court of Appeals did not err.

However, the Court of Appeals then stated:

> This is not the end of our analysis, however, as Greenway's complaint against Deputy Roper is not based solely upon Deputy Roper's decision to ask Greenway to sign the form — instead it also focuses upon the manner in which Deputy Roper executed that decision. In this case, Deputy Roper's act of handing the form to Greenway and asking him to sign it was ministerial; it was a "simple, absolute, and definite [act] . . . requiring merely the execution of a specific duty." (Citation, punctuation and footnote omitted.) *Todd* [*v. Brooks*, 292 Ga. App. 329, 330 (1) (665 SE2d 11) (2008)]. The allegations that Deputy Roper exercised poor judgment in carrying out that act do not make the act the type of discretionary act protected by official immunity; they merely support an inference of negligence. See *Hicks v. McGee*, 289 Ga. 573, 577 (1) (713 SE2d 841) (2011) ("The fact that appellants failed to [correctly perform a ministerial duty] cannot serve to change the nature of the [act] in any manner."). Greenway's assertions that Deputy Roper told him, "Just sign this d**n form," and that Deputy Roper did so when he was "out of it" and "under medication" create genuine issues of material fact as to whether he breached a ministerial duty. The trial court therefore erred by granting summary judgment in Deputy Roper's favor based upon official immunity.

Id.

This is where the Court of Appeals went astray. First, the mere fact that Roper's act of handing the form to Greenway was simple and definite does not make it a ministerial act; to make it so, it must be done in "the execution of a specific duty." *McDowell v. Smith*, 285 Ga. 592, 593 (678 SE2d 922) (2009). Accord *Hicks v. McGee*, 289 Ga. 573, 577 (1) (713 SE2d 841) (2011). A ministerial duty may be established by evidence such as a written policy, see *Grammens v. Dollar*, 287 Ga.

618, 620 (697 SE2d 775) (2010), an unwritten policy, see *Glass v. Gates*, 311 Ga. App. 563, 575 (2) (716 SE2d 611) (2011), a supervisor's specific directive, see *Gentry v. Hutchins*, 319 Ga. App. 636, 639 (738 SE2d 92) (2013), or a statute. See *Hicks*, supra at 575-576. "Procedures or instructions adequate to cause an act to become merely ministerial must be so clear, definite and certain as merely to require the execution of a relatively simple, specific duty. [Cit.]" *Effingham County v. Rhodes*, 307 Ga. App. 504, 507 (2) (705 SE2d 856) (2010).[2] But, no procedures or instructions requiring a specified act are identified in the Court of Appeals's opinion,[3] and there is no evidence of such in the record. Without evidence of a policy establishing a specific duty, Roper's acts cannot be considered to be the breach of a ministerial duty.

But even more fundamentally, the discretionary act to which official immunity attached cannot be parsed in the manner that the Court of Appeals's opinion suggests; it attempts to divide the decision to act from the act itself, and attempts to provide immunity to one of the resulting bifurcations, but not the other. The doctrine of official immunity does not protect an individual's decisions, and leave the actions taken in furtherance of those decisions unprotected. Rather, it

> "protects individual public agents from personal liability for discretionary *actions* taken within the scope of their official authority, and done without wilfulness, malice, or corruption." Under Georgia law, a public officer or employee may be personally liable only for ministerial *acts* negligently performed or *acts* performed with malice or an intent to injure. The rationale for this immunity is to preserve the public employee's *independence of action* without fear of lawsuits and to prevent a review of his or her judgment in hindsight.

*Cameron v. Lang*, 274 Ga. 122, 123 (1) (549 SE2d 341) (2001) (Citations omitted; emphasis supplied.)

---

[2] Earlier in its opinion, the Court of Appeals correctly stated the governing principle: "Where there is an established policy requiring an official to take specified action in a specified situation, the policy creates a ministerial duty on the part of the official to perform the specified task." *Greenway*, supra at 378 (1). (Citations and punctuation omitted.)

[3] The only references to such in the Court of Appeals's opinion were to "Deputy Roper's alleged testimony that 'all his actions in regard to this situation were following the policy of Sheriff Paxton,'" *Greenway*, supra at 378 (1) (a), and that Deputy Roper was later told that "his actions were 'within policy.'" Id. at 379. However, examining this asserted evidence, the Court of Appeals correctly determined that there was no evidence "that Deputy Roper was ordered or obligated to seek Greenway's signature on the release form," and thus the only evidence was that he acted within his own discretion. Id.

And, as we have said, "[a] discretionary act . . . calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and *acting on them in a way not specifically directed.* [Cit.]" *McDowell*, supra (Emphasis supplied.) And, that is what occurred here; Roper considered whether to provide the form to Greenway, even though Greenway was "out of it" and under medication. *Greenway*, supra at 379 (1) (a). The step of actually providing Greenway the form cannot be separated from the decision to take that step when analyzing whether the relevant act is discretionary or ministerial.

However, the distinction between discretionary and ministerial acts does not completely foreclose Roper's potential liability; he may be held liable if his discretionary act was malicious. *Phillips*, supra. The Court of Appeals stated that the record contained "Greenway's assertions that Deputy Roper told him, 'Just sign this d**n form,' and that Deputy Roper did so when [Greenway] was 'out of it' and 'under medication,' " and further stated that these assertions "create genuine issues of material fact as to whether he breached a ministerial duty." *Greenway*, supra. While the assertions cited do not raise any question regarding the existence of a ministerial duty, or breach thereof, they may raise a question of whether Roper engaged in an act "performed with malice or an intent to injure." *Cameron*, supra. But, that issue was not reached by the Court of Appeals. We note that Greenway argued before that Court that "no immunity exists for discretionary acts performed with malice by Deputy Roper." *Greenway*, supra at 377-378. Review of whether and how an asserted malicious act of Roper's relates to the trial court's grant of summary judgment is beyond the scope of our writ of certiorari, and thus, the case must be remanded to the Court of Appeals for proceedings consistent with this opinion.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 18, 2013.

*Jarrard & Davis, Kenneth E. Jarrard*, for appellant.

*Scrudder, Bass, Quillian, Horlock, Taylor & Lazarus, Matthew P. Lazarus, Rodney W. Hood, McFarland & McFarland, Robert P. McFarland, Temple, Strickland, Dinges & Schwartz, William D. Temple, Sr.*, for appellee.