**FOURTH DIVISION**
**ANDREWS, P. J.,**
**DOYLE, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**May 27,2014**

# In the Court of Appeals of Georgia

A12A0705. GREENWAY v. NORTHSIDE HOSPITAL, INC. d/b/a
  NORTHSIDE HOSPITAL et al.

BOGGS, Judge.

In *Roper v. Greenway*, 294 Ga. 112 (751 SE2d 351) (2013), the Supreme Court reversed Division (1) (a) of our opinion in *Greenway v. Northside Hosp.* 317 Ga. App. 371, 377-379 (730 SE2d 742) (2012). We therefore vacate Division 1 (a) of our earlier opinion and adopt the opinion of the Supreme Court as our own.[1] Our analysis does not end here, however, as the Supreme Court remanded with direction for this court to consider "whether [Deputy] Roper engaged in an act 'performed with malice or an intent to injure.'" 294 Ga. at 116.

---

[1] The Supreme Court did not address the remaining divisions of our opinion, and our rulings in those divisions are not inconsistent with the Supreme Court's decision.

The Georgia Constitution provides that government officials "may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions." Ga. Const. Art. I, Sec. II, Par IX (d). See also *Phillips v. Hanse*, 281 Ga. 133, 134-136 (2) (637 SE2d 11) (2006) The Supreme Court has held that "the term 'actual malice' denote[s] 'express malice or malice in fact.'" (Citation, punctuation and footnote omitted) Id. at 135 (2). "[A]ctual malice is something more than implied malice, which . . . [has] been defined to mean conduct exhibiting a reckless disregard for human life." (Citation, punctuation and footnote omitted.) Id. And the Supreme Court recently reiterated that actual malice requires a deliberate intent to do wrong.[2] Id. at 135-136 (2) "'A deliberate intention to do wrong' such as to constitute the actual malice necessary to overcome official immunity must be the intent to cause the harm suffered by the plaintiffs." *Murphy v. Bajjani*, 282 Ga. 197, 203 (4) (647 SE2d 54) (2007). See also *Barnard v. Turner County*, 306 Ga. App. 235, 238 (1) n. 3 (701 SE2d 859) (2010). Finally, "evidence demonstrating frustration, irritation, and possibly even anger is not sufficient to

---

[2] The Supreme Court also recognized that "the phrase 'deliberate intent to do wrong' is somewhat vague." 281 Ga. 136 (2).

penetrate official immunity." (Citation, punctuation and footnote omitted.) *Tittle v. Corso*, 256 Ga. App. 850, 862 (1) (569 SE2d 873) (2002).

Here, we must determine whether a genuine issue of material fact exists with regard to actual malice. The record contains testimony that Deputy Roper falsely stated to Greenway that he worked for the Humane Society, that he failed to correct statements by medical personnel in his presence that the dogs would go to the Humane Society and could be reclaimed by Greenway within seven to ten days, that he refused to read the release form to Greenway after learning Greenway could not read it without his glasses, and that he used his position to coerce Greenway to "sign the damn form" at a time when Greenway was "out of it" and "under medication."

Viewing this evidence in the light most favorable to Greenway, as we must, we conclude that a genuine issue of fact exists on the issue of malice and intent to injure. In his complaint, Greenway alleged that the actions of Deputy Roper "deprived the Plaintiff of his dogs" and the caption of the complaint states, in part, that it is a complaint for "deprivation of personalty" and "interference with chattel." The harm suffered by Greenway in this case was his surrender of all legal rights to his dogs, including the ability to prevent their euthanization. A jury could infer from the

3

evidence presented that Deputy Roper intended this harm when he coerced or defrauded Greenway into signing the release of his legal rights.

We therefore reverse the trial court's grant of summary judgment in favor of Deputy Roper.

*Judgment reversed. Andrews, P. J., and Doyle, P. J., concur.*