[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10103
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-03340-TWT

ROBERT BRINSON,

Plaintiff-Appellant,

versus

NORMAN LARSEN,
ROBERT SUMME,
GEORGE MILLER,

Defendants-Appellees.
_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 27, 2016)

Before HULL, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

The plaintiff, Robert Brinson, appeals the district court's denial of his motion for partial summary judgment and grant of the defendants' motion for summary judgment. The district court found that DeKalb County police officers Norman Larsen, Robert Summe, and George Miller were entitled to (1) qualified immunity for Brinson's Fourth Amendment claim, and (2) official immunity for Brinson's false imprisonment claim under Georgia law. We affirm.

We review the district court's grant of summary judgment based on qualified immunity de novo. *See Case v. Eslinger*, 555 F.3d 1317, 1324–25 (11th Cir. 2009). After stopping Brinson for speeding, the officers held him for less than an hour and searched his car with a canine. Brinson asserts that this detainment and search violated his Fourth Amendment rights. However, even construing the evidence in the light most favorable to Brinson, the officers did not violate clearly established law. *See id.*; *Jackson v. Sauls*, 206 F.3d 1156, 1164–65 (11th Cir. 2000). Considering the "totality of the circumstances" surrounding the stop, including Brinson's behavior and responses to questions, details related to his car, and the location of the stop, the officers had an "arguable reasonable suspicion" of "criminal activity." *See United States v. Boyce*, 351 F.3d 1102, 1106–07 (11th Cir. 2003) (internal quotation marks omitted); *Jackson*, 206 F.3d at 1165–66 (11th Cir. 2000) (internal quotation marks omitted). Moreover, Brinson cites no relevant authority to establish that—under the circumstances presented—the length of the

2

detainment violated clearly established law. *See Hoyt v. Cooks*, 672 F.3d 972, 977 (11th Cir. 2012) ("In determining whether a right is clearly established, we look to the precedent of the Supreme Court of the United States, of this Court, and of the relevant state's highest court.").[1]

Based on the foregoing reasons, the decision of the district court is

**AFFIRMED**.

---

[1] The officers are also entitled to official immunity on Brinson's state law claim because Brinson failed to state a sufficient argument in his initial brief on appeal as to why the officers acted with actual malice or intent to injure. *See United States v. Thomas*, No. 14-14680, slip op. at 17–18 n.5 (11th Cir. Apr. 1, 2016); *United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004) (per curiam) (We "refuse[] to consider issues raised for the first time in an appellant's reply brief."); *Roper v. Greenway*, 751 S.E.2d 351, 352 (Ga. 2013) ("[C]ounty law enforcement officers . . . may be personally liable if they . . . act with actual malice or an intent to injure when performing a discretionary act.").