[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12724
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-02378-LMM


HERMAN DARNELL BAKER,

                                        Plaintiff - Appellant,

versus

PATRICK J. CLEMENTS,
JOSEPH S. DWYER,
individually and as employees of the City of Douglasville, Georgia,
CITY OF DOUGLASVILLE, GEORGIA,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 4, 2019)

Before BRANCH, EDMONDSON, and JULIE CARNES, Circuit Judges.


PER CURIAM:


Plaintiff Herman Baker appeals the district court's order granting summary judgment in favor of Defendant Officers Patrick Clements and Joseph Dwyer in Plaintiff's civil action, filed pursuant to 42 U.S.C. § 1983 and state law.  Plaintiff contends that the force Defendant Officers used to effect Plaintiff's arrest constituted excessive force in violation of the Fourth Amendment and battery under Georgia law.[1]  No reversible error has been shown; we affirm.

This appeal arises out of a traffic stop on 3 August 2014.  Officer Clements initiated the traffic stop after observing Plaintiff driving a car at night with no tag light illuminating the license plate and with cracks in each tail light.  The encounter between Plaintiff and Defendant Officers was captured on a dash camera video and audio recording.

The facts pertinent to this appeal are as follows.  During the traffic stop, Officer Clements and Plaintiff walked to the back of Plaintiff's car so Plaintiff

---

[1] Plaintiff raises no challenge to the district court's grant of summary judgment in favor of the City of Douglasville, Georgia.  Nor does Plaintiff challenge the district court's grant of summary judgment on his claim against Defendant Officers for unlawful arrest.  Those claims are not at issue on appeal.

could see the broken tag light.  Officer Clements conducted a brief pat-down search of Plaintiff's person and found no weapons or contraband.  Plaintiff -- who had marijuana in his possession -- says he "got nervous."  Meanwhile, Officer Dwyer arrived on the scene as routine backup.

Officer Clements asked for Plaintiff's consent to search the car.  Plaintiff provided no verbal response and, instead, started to walk away.  Officer Clements told Plaintiff to "come here" and to sit on the front bumper of the police car, which Plaintiff did.  Officer Clements asked again for Plaintiff's consent to search the car.  Plaintiff turned his head away from Officer Clements and provided no verbal response.

Seconds later, Plaintiff started to run away.  Officer Clements grabbed Plaintiff's shirt and brought Plaintiff to the ground.  As Officer Clements and Plaintiff struggled, both officers ordered Plaintiff to get on the ground and to give Officer Clements his hands.  At one point, Officer Dwyer also tased Plaintiff.

Defendant Officers pinned Plaintiff face down on the ground as Plaintiff continued to struggle.  Defendant Officers issued repeated orders for Plaintiff to stop resisting and for Plaintiff to give Officer Clements his hands.  Officer Clements was able to handcuff Plaintiff's left hand, but Plaintiff's right hand remained free.  The video shows that Defendant Officers both struggled to get

3

ahold of Plaintiff's right arm while also ordering Plaintiff repeatedly to give them his hand.  At that point, Defendant Officers delivered a series of closed-fist strikes to Plaintiff's right side.  Officer Clements ultimately succeeded in handcuffing Plaintiff's right hand about 40 seconds after handcuffing Plaintiff's left hand. After Plaintiff was fully handcuffed, Plaintiff continued to move around on the ground.  Defendant Officers held Plaintiff still, but used no further fist strikes or other force.

Plaintiff was charged with two counts of tag violations, two counts of obstructing a police officer, and one count of marijuana possession.  Plaintiff entered a plea agreement and served twelve months' probation.

Plaintiff filed this civil action against Defendant Officers individually, asserting claims for excessive force in violation of the Fourth Amendment and for state law battery.  The district court granted Defendants Officers' motion for summary judgment.  The district court concluded that no constitutional violation occurred.  The district court also concluded that Defendant Officers were entitled to official immunity from Plaintiff's state law battery claim because Plaintiff had produced no evidence that Defendant Officers acted with actual malice.

We review de novo a district court's grant of summary judgment, viewing the evidence and all reasonable factual inferences in the light most favorable to the

4

nonmoving party.  Skop v. City of Atlanta, 485 F.3d 1130, 1136 (11th Cir. 2007).

When a video recording exists of the pertinent events -- as in this case -- we

"view[] the facts in the light depicted by the videotape."  Scott v. Harris, 550 U.S.

372, 380-81 (2007).


I.  Fourth Amendment Excessive Force


"Qualified immunity offers complete protection for government officials

sued in their individual capacities if their conduct 'does not violate clearly

established statutory or constitutional rights of which a reasonable person would

have known.'"  Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002).  To

avoid summary judgment based on qualified immunity, Plaintiff must show both

that Defendant Officers violated a federal right and that the right was already

clearly established when Defendant Officers acted.  See id.

A federal right is "clearly established" when "at the time of the officer's

conduct, the law was sufficiently clear that every reasonable official would

understand that what he is doing is unlawful."  D.C. v. Wesby, 138 S. Ct. 577, 589

(2018) (quotations omitted).  "We do not require a case directly on point, but

existing precedent must have placed the statutory or constitutional question beyond

5

debate." Mullenix v. Luna, 136 S. Ct. 305, 308 (2015) (emphasis added); Wesby, 138 S. Ct. at 589.

"Although suspects have a right to be free from force that is excessive, they are not protected against a use of force that is necessary in the situation at hand." Jean-Baptiste v. Gutierrez, 627 F.3d 816, 821 (11th Cir. 2010) (quotations omitted). "[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham v. Connor, 490 U.S. 386, 396 (1989). An officer's use of force is unconstitutionally excessive only if the force used was "objectively [un]reasonable in light of the facts and circumstances confronting" the officer. Id. at 397 (quotations omitted).

"In determining the reasonableness of the force applied, we look at the fact pattern from the perspective of a reasonable officer on the scene with knowledge of the attendant circumstances and facts, and balance the risk of bodily harm to the suspect against the gravity of the threat the officer sought to eliminate." McCullough v. Antolini, 559 F.3d 1201, 1206 (11th Cir. 2009). We consider, among other things, "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is

6

actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396.

We stress that "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. And we must allow "for the fact that police officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation." Id. "We are loath to second-guess the decisions made by police officers in the field." Vaughan v. Cox, 343 F.3d 1323, 1331 (11th Cir. 2003).

On appeal, Plaintiff challenges -- as unconstitutionally excessive -- only Defendant Officers' use of fist strikes while Plaintiff was face-down on the ground. The evidence, viewed in the light most favorable to Plaintiff, shows that Defendant Officers' use of force was objectively reasonable under the circumstances. When Defendant Officers employed the fist strikes, Plaintiff had just attempted to evade arrest by flight and had refused multiple orders to get on the ground, to stop resisting, and to give his hands to the officers. An objective officer could also have believed reasonably that Plaintiff -- who had only a single hand in handcuffs -- presented an immediate threat to Defendant Officers' safety when the fist strikes

7

were used.  Not only had Plaintiff offered continuous physical resistance to Defendant Officers' efforts to restrain him, but we have said that an arrestee with only one hand handcuffed may pose a danger to officers because "without both hands shackled, the single handcuff could be used as a weapon."  See Hoyt v. Cooks, 672 F.3d 972, 979 (11th Cir. 2012).

Given Plaintiff's active and aggressive resistance to arrest -- which also constituted obstruction of an officer -- an objective officer under the circumstances could have concluded reasonably that the use of fist strikes was necessary to complete Plaintiff's arrest.  Faced with a "tense, uncertain, and rapidly evolving" situation, Defendant Officers made a split-second decision to employ force to gain control of the situation and to avoid the risk of serious injury.  Under these circumstances, we cannot say that Defendant Officers' use of force was constitutionally unreasonable.

On appeal, Plaintiff contends that he was unable to move his right arm behind his back due to a pre-existing shoulder injury.  Accepting Plaintiff's version of the facts as true, nothing evidences that a reasonable officer would have known about Plaintiff's shoulder injury.  Plaintiff said nothing to Defendant Officers about his physical impairment, and Plaintiff's shoulder injury was not visibly

8

apparent.  Instead, it was reasonable for Defendant Officers to perceive Plaintiff's failure to present his right hand to be handcuffed as a sign of intentional resistance.

Plaintiff has failed to establish that Defendant Officers' use of force constituted a violation of his Fourth Amendment rights.  Moreover, it was not already clearly established -- such that the question was "beyond debate" -- when Defendant Officers acted in 2014 that the amount of force used to restrain Plaintiff under the circumstances of this case was constitutionally excessive.  See Mullenix, 136 S. Ct. at 308; Wesby, 138 S. Ct. at 589.  The Supreme Court has stressed that the "clearly established" standard requires a "high degree of specificity."  Wesby, 138 S. Ct. at 590 (quotations omitted).  This heightened specificity is particularly important in Fourth Amendment (a reasonableness-is-the-standard provision) cases, where -- given the number of variables confronting an officer on the scene -- it is often difficult for officers to know how the pertinent legal doctrine (excessive force) applies to the precise factual situation encountered.  Id.; Mullenix, 136 S. Ct. at 308.  Defendant Officers were entitled to summary judgment on Plaintiff's claim for excessive force.

II.  State Law Battery

Under Georgia law, law enforcement officers are entitled to official immunity from suit and liability unless they "negligently perform a ministerial act or act with actual malice or an intent to injure when performing a discretionary act." Roper v. Greenway, 751 S.E.2d 351, 352 (Ga. 2013); see also Ga. Const. art. I, § II, para. IX(d).  That Defendant Officers were performing a discretionary act when attempting to arrest Plaintiff is undisputed.

For purposes of official immunity, "actual malice" means "express malice, i.e., a deliberate intention to do wrong."  Murphy v. Bajjani, 647 S.E.2d 54, 60 (Ga. 2007).  "A 'deliberate intention to do wrong' such as to constitute the actual malice necessary to overcome official immunity must be the intent to cause the harm suffered by the plaintiffs."  Id.  We have described this as "a demanding standard."  Black v. Wigington, 811 F.3d 1259, 1266 (11th Cir. 2016).

In response to Defendant Officers' motion for summary judgment on Plaintiff's battery claim, Plaintiff said only that "[t]he facts of this case clearly demonstrate that these Defendants acted with malice and with an intent to injure Plaintiff Baker . . .."  Likewise -- on appeal -- Plaintiff asserts in a conclusory

10

manner that there exists sufficient evidence to create a question of fact about whether Defendant Officers acted with actual malice.

Among other things, Plaintiff says that "[d]uring the beating, one of the Defendant-Appellees used an expletive" and that -- after Plaintiff was arrested and placed in custody -- one of the Defendant Officers said, "This is what you live for man." The video recording confirms that an expletive was used during Plaintiff's arrest and that -- about 30 minutes after Plaintiff was handcuffed -- an unidentified person said, "This is what you live for man." This evidence, viewed in the light most favorable to Plaintiff, is insufficient to satisfy the "demanding standard" of demonstrating that Defendant Officers acted with actual malice when they used fist strikes during Plaintiff's arrest. The district court concluded correctly that Defendant Officers were entitled to summary judgment on Plaintiff's claim for battery.

AFFIRMED.

11