**SECOND DIVISION**
**BARNES, P. J.,**
**RICKMAN and SELF, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 8, 2017**

# In the Court of Appeals of Georgia

A16A1515. COWART v. GEORGIA DEPARTMENT OF HUMAN
        SERVICES.

RICKMAN, Judge.

Barbara Cowart, as Administratrix of the Estate of J. C., appeals the trial court's order dismissing her claims against the Georgia Department of Human Services (DHS) in connection with the tragic death of one-year-old J. C.[1] She contends that the trial court erred by ruling that her claims were barred by sovereign immunity. For reasons that follow, we affirm in part and reverse in part.

"We review de novo a trial court's grant of a motion to dismiss on sovereign immunity grounds, bearing in mind that the party seeking to benefit from the waiver of sovereign immunity has the burden of proof to establish waiver." (Citation and punctuation omitted.) *Pelham v. Bd. of Regents of Univ. System of Ga.*, 321 Ga. App.

---

[1] Cowart does not appeal the trial court's dismissal of her claims against the Georgia Division of Family and Children Services and the Bartow County Department of Family and Children Services.

791 (743 SE2d 469) (2013). "Because a motion to dismiss on sovereign immunity grounds is based upon the trial court's lack of subject matter jurisdiction, the trial court is entitled to make factual findings necessary to resolve the jurisdictional issue." (Citations omitted.) Id. at 791, n.1. Here, the trial court did not make any factual findings, and we therefore view the factual allegations in the complaint as true to determine whether the complaint shows with certainty that Cowart would not be entitled to relief under any state of facts that could be proven in support of her claim. See *James v. Ga. Dept. of Pub. Safety*, 337 Ga. App. 864, 865 (1) (789 SE2d 236) (2016); *McCoy v. Ga. Dept. of Admin. Svcs.*, 326 Ga. App. 853, n.1 (755 SE2d 362) (2014).

In her initial complaint, Cowart alleged that in August 2013, J. C.'s uncle contacted a case manager with the Bartow County Department of Family and Children Services (DFCS) and informed her that J. C.'s mother was using methamphetamine and that J. C. was in imminent danger of harm. J. C.'s uncle also informed the case manager where J. C.'s mother could be found. Cowart alleged that the case manager took no action to address the report that J. C. was in danger, in violation of DFCS's established policies and protocols, and asserted claims against DHS for negligence, wrongful death, and violation of the Georgia Open Records Act.

2

In her initial complaint, Cowart also alleged that J. C.'s mother and her boyfriend, "while under the influence of [] methamphetamine and other illegal drugs committed unspeakable and horrible acts of torture, barbarism, cruelty, violence, molestation, and savagery upon infant [J. C.]," and that "[a]fter four months of enduring the constant torture and as a direct result thereof, [J. C.] died."

DHS moved to dismiss the complaint for lack of subject matter jurisdiction based on the assault and battery exception to the State's waiver of sovereign immunity. In response, Cowart amended her complaint, deleting the allegations that J. C.'s mother and her boyfriend committed "acts of torture, barbarism, cruelty, violence, molestation, and savagery" upon J. C., resulting in her death, and replacing them with allegations that J. C.'s mother and her boyfriend were negligent in failing to provide care and support and timely medical treatment and that "[a]fter four months of enduring constant harm and neglect caused by the . . . negligent acts and omissions of [J. C.'s mother and her boyfriend], [J. C.] died."

The trial court dismissed Cowart's claims for damages resulting from a battery on J. C. under the assault and battery exception to the State's waiver of sovereign immunity, and dismissed Cowart's claims for damages caused by negligence and

neglect under the discretionary function exception.[2] Cowart only appeals the trial court's ruling on her claims for damages caused by negligence.

Under the Georgia Constitution, sovereign immunity extends to the state and all of its departments and agencies. Ga. Const. of 1983, Art. I, Sec. II, Par. IX. The General Assembly may waive the state's sovereign immunity from suit by enacting a State Tort Claims Act. Id. The Georgia Tort Claims Act provides that, subject to certain exceptions and limitations, "[t]he state waives its sovereign immunity for the torts of state officers and employees while acting within the scope of their official duties or employment and shall be liable for such torts in the same manner as a private individual or entity would be liable under like circumstances." OCGA § 50-21-23 (a). One of the exceptions to the State's waiver of sovereign immunity provides that the State shall have no liability for losses resulting from assault and battery. OCGA § 50-21-24 (7). Under that exception, "if a plaintiff's injury was caused by an assault and battery committed by a third party, the state is immune from suit even if the assault and battery was facilitated by or resulted from the prior negligent performance of a state officer or employee." (Citation omitted.) *Pelham*,

_____

[2] The trial court also ruled that any procedural due process claim must fail , but Cowart never asserted such a claim.

4

321 Ga. App. at 796 (2). Cowart does not appeal the trial court's ruling on the basis of immunity for losses resulting from assault and battery. We therefore affirm the trial court's ruling that OCGA § 50-21-24 (7) bars Cowart from recovering for losses resulting from assault and battery.[3]

Cowart contends that the trial court erred by concluding that her claims are barred by the discretionary function exception to the State's waiver of sovereign immunity, which provides that the State shall have no liability for losses resulting from "[t]he exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a state officer or employee, whether or not the discretion involved is abused." OCGA § 50-21-24 (2). A discretionary function or duty is defined as "a function or duty requiring a state officer or employee to exercise his or her policy judgment in choosing among alternate courses of action based upon a consideration of social, political, or economic factors." OCGA §

---

[3] The parties dispute the effect of the allegations of the original complaint. We note that an amendment to the pleadings prevents the original admissions from serving as solemn admissions in judicio, but those admissions may still be used as evidence that the admitting party can explain and try to refute. *Georgia-Pacific, LLC v. Fields*, 293 Ga. 499, 502 (1) (748 SE2d 407) (2013). In addition, "an admission in judicio applies only to the admission of fact and does not apply where the admission is merely the opinion or conclusion of the pleader as to law or fact." (Footnote and punctuation omitted.) *Citrus Tower Boulevard Imaging Ctr., LLC v. Owens*, 325 Ga. App. 1, 4 (1) (752 SE2d 74) (2013).

50-21-22 (2). "[F]or the 'discretionary function' exception to apply, it must be shown that a state officer or employee was afforded discretion with respect to the conduct that is alleged to amount to a tort, [and] that an exercise of the discretion afforded amounts to a policy judgment . . . based upon a consideration of social, political, or economic factors." (Citations and punctuation omitted.) *Ga. Dept. of Human Svcs. v. Spruill*, 294 Ga. 100, 106 (2) (751 SE2d 315) (2013).

We must first consider the extent to which DFCS policy afforded discretion to the case manager. Here, although the complaint alleges that DFCS policies and protocols required the case manager to conduct an investigation into the report that J. C. was in danger, the existing record lacks evidence that would allow us to determine if the case manager had the discretion to perform absolutely no investigation, as alleged in the complaint. Without such evidence, we cannot determine whether the discretionary function exception applies here. Accordingly, we conclude that the trial court erred in granting DHS's motion to dismiss under OCGA § 50-21-24 (2) on the existing record. See *Grant v. Ga. Forestry Comm.*, 338 Ga. App. 146, 156 (4) (789 SE2d 343) (2016).

*Judgment affirmed in part and reversed in part. Barnes, P. J., and Self, J., concur.*