**FOURTH DIVISION**
**RICKMAN, C. J.,**
**DILLARD, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 26, 2023**

# In the Court of Appeals of Georgia

A23A0193. PATRICIA ANN KITCHENS et al. v. LINCOLN COUNTY.

RICKMAN, Chief Judge.

Appellants Patricia Ann Kitchens and Donald Eugene Kitchens, Jr. filed an action for temporary and permanent injunction against Lincoln County, Georgia ("the County") after the County issued a letter demanding that the Kitchens remove from their property a gate impeding certain access to a portion of road previously condemned by the federal government, the right to which the County asserted that it had acquired by prescription. The parties filed cross motions for summary judgment and following a hearing, the trial court ruled that the Kitchens' action was barred by the doctrine of sovereign immunity. For the reasons that follow, we hold that the trial court erred to the extent that it ruled in favor of the County on the basis of sovereign

immunity and remand this case to the trial court to consider the merits of the parties' summary judgment motions.

We conduct de novo a review of trial court's ruling on sovereign immunity grounds, "bearing in mind that the party seeking to benefit from the waiver of sovereign immunity has the burden of proof to establish waiver." (Citation and punctuation omitted.) *Cowart v. Ga. Dept. of Human Services*, 340 Ga. App. 183, 183 (796 SE2d 903) (2017). Nevertheless, "[b]ecause a motion to dismiss on sovereign immunity grounds is based upon the trial court's lack of subject matter jurisdiction, the trial court is entitled to make factual findings necessary to resolve the jurisdictional issue." (Citation and punctuation omitted.) Id. Thus, to the extent that the trial court has made factual findings necessary to its determination, those findings will be sustained "if there is evidence authorizing them." (Citation and punctuation omitted.) *Britt v. Jackson*, 348 Ga. App. 159, 160 (819 SE2d 677) (2018).

Following a hearing, the transcript of which is not included in the appellate record, the trial court set forth the following factual findings: In the 1950's, the federal government instituted condemnation proceedings to acquire land adjoining the Savannah River in connection with a waterpower and flood control project formerly known as the Clark Hill Dam and Lake Project, now known as the

2

Thurmond Dam and Lake ("the Lake"). A portion of the property condemned in Lincoln County, Georgia, contained a segment of a county roadway known as Booth's Branch Road.

In1961, the federal government caused a plat of survey of the condemned property, including the condemned portion of Booth's Branch Road, to be prepared and recorded with the Superior Court of Lincoln County ("Tract T-3"). Tract T-3 originally contained 141.38 acres and was subject to a fifty-foot perpetual easement for road and utility lines reserved to the federal government. Despite the property having been condemned and now owned by the federal government, members of the general public continued to use that portion of Booth's Branch Road which was contained within the fifty-foot easement as depicted on the plat of survey in order to access the Lake.

In October 2018, Ms. Kitchens acquired fee simple title to a large portion of Tract T-3. The Kitchens maintain that the boundary line between their property and that of the federal government is the centerline of the fifty-feet easement, and that Booth Branch Road ends where the easement begins at their property line.

In February 2021, Ms. Kitchens obtained permission from the federal government to maintain a private gate within the boundary of the fifty-foot easement. In the letter granting Ms. Kitchens permission to install the gate, the federal government noted that the general public could still access the Lake by foot and stated that it had previously gated the easement itself to prevent unauthorized vehicle and ATV use on public land.

In March 2021, the County sent Ms. Kitchens a letter asserting that the gate blocked county road access and demanding that she remove it. The letter specified that if the gate was not removed within ten days, "county employees [would] remove and dispose" of it. Thereafter, legal counsel for the respective parties were unable to negotiate a resolution of the matter, but Ms. Kitchen nevertheless removed the gate in order to prevent its destruction.

In June 2021, Ms. Kitchens executed a deed transferring ownership of the property to herself and Mr. Kitchens, as joint tenants with right of survivorship. The Kitchens then filed the instant petition seeking a temporary and permanent injunction against the County to enjoin it from trespassing on and interfering with their use of the contested property.

The County filed a motion for summary judgment, in which it argued that the disputed property had been used by the public and maintained by the County for more than 50 years and, consequently, the County had obtained a right to the property by prescription. The Kitchens filed a cross-motion for summary judgment, asserting that they were entitled to injunctive relief because the gate was installed within an easement reserved for and with the permission of the federal government, to which the County had no ownership right. The County subsequently filed a brief asserting that the Kitchens's action was barred by the doctrine of sovereign immunity. The Kitchens countered that the County had waived its entitlement to sovereign immunity because its threats to remove and/or destroy a gate on the property to which the County had no legal right amounted to a continuing nuisance or trespass and an uncompensated taking of private property.

Following a hearing on the matter, the trial court found as a matter of fact that, "[the County's] ownership interest in the condemned segment of Booth's Branch Road terminated upon [the federal government] acquiring title to the condemned property," and "[the County] has not subsequently completed the required steps necessary to establish prescriptive title of the former Booth's Branch Road." Nevertheless, the trial court determined that the Kitchens had failed to meet their

5

burden of showing that sovereign immunity had been waived because they voluntarily removed the gate and the County had not invoked the power of eminent domain.

The Kitchens contend that the trial court erred by holding that the doctrine of sovereign immunity barred their action in this case. We agree.

The "nuisance doctrine" within the context of sovereign immunity "allows the [County] to be held liable for creating or maintaining a nuisance which constitutes either a danger to life and health or a taking of property." (Citation and punctuation omitted; emphasis supplied.) *Beasley v. Georgia Dept. of Corrections*, 360 Ga. App. 33, 37 (1) (861 SE2d 106) (2021); see *Shealy v. Unified Govt. of Athens-Clarke County*, 244 Ga. App. 853, 858 (537 SE2d 105) (2000) ("[A] county may be liable for damages if it creates a condition on private property, such as a nuisance, that amounts to inverse condemnation or a taking without compensation.") (citation and punctuation omitted). The doctrine is rooted in the concept that, as a general matter, "private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid." Ga. Const. of 1983, Art. I, Sec. III, Par. I (a) (the "Just Compensation Provision"); see *Georgia Dept. of Natural Resources v. Center for a Sustainable Coast, Inc.*, 294 Ga. 593, 600 (2) (755 SE2d 184) (2014). The Supreme Court of Georgia has held that sovereign immunity is waived when a

6

private property owner asserts a claims for inverse condemnation[1] – i.e., a claim alleging the taking or damaging of private property for public purposes without the initiation of eminent domain proceedings – requesting monetary compensation and/or injunctive relief. See *Department of Transportation v. Mixon*, 312 Ga. 548, 548 (864 SE2d 67) (2021). Specifically as to claims seeking injunctive relief, sovereign immunity is waived in two circumstances: "(1) where the Just Compensation Provision's requirement of prepayment before a taking or damaging applies and has not yet been met; or (2) where the authority effecting a taking or damaging has not invoked the power of eminent domain." Id. The waiver allows an injunction "only to stop the taking or damaging until such time as the authority fulfills its legal obligations that are conditions precedent to eminent domain." Id.

Here, the trial court found as a matter of fact that the County's ownership interest in the disputed property had terminated and that it had not established title by prescription. Thus, allegations that the County continued to threaten to remove and/or damage the Kitchens' gate crossing property to which the County allegedly has no

---

[1] A claim of inverse condemnation is one in which a private landowner alleges under the Just Compensation Provision the taking or damaging of the private property for public purposes without the initiation of eminent domain proceedings. See *Mixon*, 312 Ga. at 548, n.1.

ownership interest creates a condition on private property that amounts to a claim of inverse condemnation. See generally *Shealy*, 244 Ga. App. at 857-858. Cf. *Young v. Sweetbriar, Inc.*, 222 Ga. 262, 266-267 (149 SE2d 474) (1966) ("Allegations of the refusal by the defendant to allow the petitioner to come on the property alleged to be a public street, and the assertion by the defendant of his intention to appropriate the property to his exclusive use, are sufficient to allege a continuing nuisance."). As such, sovereign immunity was waived, and the trial court erred in holding otherwise. See *Mixon*, 312 Ga. 548, 548. We, therefore, remand this case to the trial court so that it may consider the merits of the parties' cross-motions for summary judgment.[2]

*Judgment reversed and case remanded. Dillard, P. J., and Pipkin, J., concur.*

---

[2] Although the Kitchens also assert that the trial court erred by failing to grant summary judgment in their favor, we will not reach that enumeration of error in the absence of a ruling by the trial court. See *Stewart v. Johnson*, 358 Ga. App. 813, 814 (856 SE2d 401) (2021) ("Because this Court is a court for the correction of errors, we will not consider matters, even of constitutional magnitude, that were not raised and ruled upon in the trial court.") (citation and punctuation omitted).